**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**DEWAYNE MELTON, PIERRE**
**HARVEY, LARRY AMOS, HENRY**
**CODY, and J.T. BROOKS,**

     **Plaintiffs,**

                                    **Civil Action No. 1:08-cv-174**

**v.**

**NATIONAL DAIRY HOLDINGS, L.P.;**
**DAIRY FRESH OF ALABAMA, LLC; and**
**THE INTERNATIONAL BROTHERHOOD**
**OF TEAMSTERS, CHAUFFEURS,**
**WAREHOUSEMEN and HELPERS**
**LOCAL UNION NO. 991,**

     **Defendants.**

_____/

**ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF**
**OF DEFENDANT, DAIRY FRESH OF ALABAMA, LLC**

COMES NOW Defendant, Dairy Fresh of Alabama, LLC (hereafter "Dairy Fresh"), by and through its undersigned counsel, and for its Answer and Defenses to the Complaint filed herein, states:

**I. INTRODUCTION**

1.     In response to Paragraph 1, Defendant Dairy Fresh admits that Plaintiffs bring an action pursuant to 42 U.S.C. § 1981 alleging discrimination and retaliation and seek forms of relief including attorneys' fees and costs, but denies that Plaintiffs have any actionable claims thereunder or that Plaintiffs are entitled to any damages or any attorneys' fees or costs from Dairy Fresh or National Dairy Holdings, LP.  Defendant

also denies it is a public entity and, therefore, denies any claim brought under § 1983, or any relief related thereto.

## II. JURISDICTION AND VENUE

2.      In response to Paragraph 2, Defendant Dairy Fresh admits that Plaintiffs purport to bring their action pursuant to 28 U.S.C. §§ 1331, 1343 (a)(4); however, Dairy Fresh does not identify any claims contained in Plaintiffs' Complaint for which supplemental jurisdiction would be invoked and therefore, denies the need for supplemental jurisdiction.

3.      In response to Paragraph 3, Defendant Dairy Fresh admits that it conducts business in Houston County, but denies the remainder of the allegations contained therein.

4.      In response to Paragraph 4, Defendant Dairy Fresh admits that Plaintiffs request a trial by jury.

## III. PARTIES

5.      In response to Paragraph 5, Defendant Dairy Fresh admits that Plaintiff Melton is an African-American male and former employee of Dairy Fresh, but is without substantial knowledge to admit or deny the remaining allegations contained therein.

6.      In response to Paragraph 6, Defendant Dairy Fresh admits that Plaintiff Harvey is an African-American male and current employee of Dairy Fresh, but is without sufficient knowledge to admit or deny the remaining allegations contained therein.

7.      In response to Paragraph 7, Defendant Dairy Fresh admits that Plaintiff Cody is an African-American male and current employee of Dairy Fresh, but is without sufficient knowledge to admit or deny the remaining allegations contained therein.

8.      In response to Paragraph 8, Defendant Dairy Fresh admits that Plaintiff Amos is an African-American male and current employee of Dairy Fresh, but is without sufficient knowledge to admit or deny the remaining allegations contained therein.

9.      In response to Paragraph 9, Defendant Dairy Fresh admits that Plaintiff Brooks is an African-American male and current employee of Dairy Fresh, but is without sufficient knowledge to admit or deny the remaining allegations contained therein.

10.      In response to Paragraph 10, Defendant Dairy Fresh denies the allegations contained therein.

11.      In response to Paragraph 11, Defendant Dairy Fresh admits that it is the former employer of Plaintiff Melton and the current employer of Plaintiffs Harvey, Cody, Amos and Brooks.   Defendant further admits that it conducts business in Houston County, but denies the remainder of the allegations contained therein.

12.       In response to Paragraph 12, Defendant Dairy Fresh denies the allegations contained therein.

13.      In response to Paragraph 13, Defendant Dairy Fresh denies the allegations contained therein.

14.      In response to Paragraph 14, Defendant Dairy Fresh admits that the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers Local Union No. 991 is a labor organization, but denies the remainder of allegations contained therein.

## IV.    STATEMENT OF FACTS AND CLAIMS

15.    In response to Paragraph 15, Defendant Dairy Fresh hereby adopts and incorporates its responses to paragraphs 1-14 above, as if fully set forth herein.

**PLAINTIFF DEWAYNE MELTON**

16.    In response to Paragraph 16, Defendant Dairy Fresh admits that Plaintiff Melton was hired on August 16, 2004, and was terminated in February 2007, but denies the remainder of the allegations contained therein.

17.    Denied.

18.    In response to Paragraph 18, Defendant Dairy Fresh admits that Plaintiff Melton was disciplined for not taking old milk off his truck, but denies the remainder of the allegations contained therein.

19.    In response to Paragraph 19, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

20.    Denied.

21.    Denied.

22.    Admitted.

23.    In response to Paragraph 23, Defendant Dairy Fresh is unaware of the allegations stated therein, and thus denies the same.

24.    In response to Paragraph 24, Defendant Dairy Fresh admits it wrote up Plaintiff Melton for not cleaning his truck as required, but denies the remainder of the allegations contained therein.

25.    In response to Paragraph 25, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

26.     Denied.

27.     Denied.

28.     Denied.

29.     In response to Paragraph 29, Defendant Dairy Fresh admits that Kama Bledsoe kept Plaintiff informed of his attendance points but denies the remainder of the allegations contained therein.

30.     In response to Paragraph 30, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

31.     Denied.

32.     In response to Paragraph 32, Defendant Dairy Fresh states that it was not made aware of such jokes, and therefore, denies the allegations contained therein.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     In response to Paragraph 37, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

38.     In response to Paragraph 38, Defendant Dairy Fresh admits that Onorato spoke with Plaintiff Melton regarding the fact that he was not eligible for the Vacation Relief Position because he could not deliver to all customers as required, as he had been banned from some customers due to his performance.

39.     Denied.

40.     Denied.

41.    Denied.

42.    In response to Paragraph 42, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

43.    In response to Paragraph 43, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Admitted.

48.    Denied.

49.    In response to Paragraph 49, Defendant Dairy Fresh does not have sufficient information from the allegations upon which to admit or deny the same, and, as such, Defendant Dairy Fresh denies the allegations contained therein.

50.    In response to Paragraph 50, Defendant Dairy Fresh does not have sufficient information from the allegations upon which to admit or deny the same, and, as such, Defendant Dairy Fresh denies the allegations contained therein.

51.    In response to Paragraph 51, Defendant Dairy Fresh does not have sufficient information from the allegations upon which to admit or deny the same, and, as such, Defendant Dairy Fresh denies the allegations contained therein.

52.    In response to Paragraph 52, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

53.    In response to Paragraph 53, Defendant Dairy Fresh denies a conclusory opinion.

54.    Admitted.

55.    In response to Paragraph 55, Defendant Dairy Fresh cannot admit or deny the stated motivation of a Plaintiff.

56.    Denied.

57.    Denied.

58.    In response to Paragraph 58, Defendant Dairy Fresh admits that Melton's supervisor told him that he would have to discuss parking concerns with higher management.  Defendant Dairy Fresh denies the remaining allegations contained therein.

59.    Denied.

60.    In response to Paragraph 60, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

61.    In response to Paragraph 61, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

62.    Denied.

63.    Admitted.

64.    Admitted.

65.    Admitted.

66.    In response to Paragraph 66, Defendant Dairy Fresh admits that it contacted Plaintiff Melton's alleged witnesses, but denies the remaining allegations contained therein.

67.    Denied.

68.    In response to Paragraph 68, Defendant Dairy Fresh denies the allegations contained therein and cannot admit or deny on behalf of the Union.

69.    Denied.

70.    In response to Paragraph 70, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

**PLAINTIFF PIERRE HARVEY**

71.    In response to Paragraph 71, Defendant Dairy Fresh admits that Plaintiff Harvey was hired to work for Dairy Fresh in October 2005, but denies the remaining allegations contained therein.

72.    In response to Paragraph 72, Defendant Dairy Fresh admits that Plaintiff Pierre is a current employee, but denies the remaining allegations contained therein.

73.    Denied.

74.    Denied.

75.    Admitted.

76.    Admitted.

77.    In response to Paragraph 77, Defendant Dairy Fresh admits that Plaintiffs were written up for being out of their route among other issues.

78.    In response to Paragraph 78, Defendant Dairy Fresh cannot admit or deny what Plaintiffs may or may not have seen.

79.    Denied.

80.    In response to Paragraph 80, Defendant Dairy Fresh is unaware of what Plaintiffs Harvey or Amos learned, and therefore denies the remaining allegations contained therein.

81.    Denied.

82.     In response to Paragraph 82, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

83.     Denied.

84.     Admitted.

85.     Denied.

86.     In response to Paragraph 86, Defendant Dairy Fresh admits that Plaintiff Harvey was told that sick time must be used for any unscheduled off days, but denies the remaining allegations contained therein.

87.     Denied.

88.     Denied.

89.     In response to Paragraph 89, Defendant Dairy Fresh admits that Plaintiff Harvey expressed his desire not to work overtime hours, but denies the remaining allegations contained therein.

90.     In response to Paragraph 90, Defendant Dairy Fresh admits that Plaintiff Harvey has worked overtime hours, but Defendant denies the remaining allegations contained therein.

91.     Denied.

92.     Admitted.

93.     In response to Paragraph 93, Defendant Dairy Fresh has no knowledge of Plaintiff Harvey's doctor's appointments and therefore denies the allegations contained therein.

94.     In response to Paragraph 94, Defendant Dairy Fresh has no knowledge of what Plaintiff Cody allegedly overheard, and therefore denies the allegations made therein.

95.     Denied.

96.     Denied.

97.     In response to Paragraph 97, Defendant Dairy Fresh cannot understand the allegations as written and therefore denies the allegations contained therein.

98.     Denied.

99.     In response to Paragraph 99, Defendant Dairy Fresh admits that three of the Plaintiffs filed a grievance in September 2006, but denies the remaining allegations contained therein.

100.     Denied.

101.     In response to Paragraph 101, Defendant Dairy Fresh admits Harvey was written up for attendance points, but denies the remaining allegations contained therein.

102.     In response to Paragraph 102, Defendant Dairy Fresh admits that some of Plaintiff Harvey's points were inaccurately assigned, but denies the remaining allegations contained therein.

103.     Denied.

104.     In response to Paragraph 104, Defendant Dairy Fresh is unaware of the motivations of the Plaintiffs and therefore, denies the allegations contained therein.

105.     Admitted.

106.    In response to Paragraph 106, Defendant Dairy Fresh is unaware of the motivation and or alleged action of Plaintiff Cody and therefore, denies the allegations contained therein.

107.    Admitted.

108.    Admitted.

109.    Admitted.

110.    Denied.

111.    In response to Paragraph 111, Defendant Dairy Fresh admits Bledsoe was contacted by the Union Steward, but denies the remaining allegations contained therein.

112.    Admitted.

113.    Denied.

114.    In response to Paragraph 114, Defendant Dairy Fresh is unaware of the alleged actions of Plaintiff Harvey as stated in this paragraph, and therefore, denies the allegations contained therein.

115.    In response to Paragraph 115, Defendant Dairy Fresh admits Bledsoe was contacted by the Union Steward, but denies the remaining allegations contained therein.

116.    Denied.

117.    Denied.

118.    In response to Paragraph 118, Defendant Dairy Fresh admits that Plaintiff Harvey and other employees complained about the condition of their trucks but Defendant denies the remaining allegations contained therein.

119.    Denied.

**PLAINTIFF HENRY CODY**

120.    In response to Paragraph 120, Defendant Dairy Fresh admits that Plaintiff Cody was hired to work for Dairy Fresh in February 2005, and is currently employed with Dairy Fresh, but denies the remaining allegations contained therein.

121.    Denied.

122.    Denied.

123.    Admitted.

124.    Denied.

125.    In response to Paragraph 125, Defendant Dairy is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

126.    In response to Paragraph 126, Defendant Dairy Fresh is unaware of the mental processes of Defendant Cody and therefore, denies the allegations contained therein.

127.    In response to Paragraph 127, Defendant Dairy Fresh admits that Plaintiff Cody's vehicle was damaged, but is unaware if it was damaged on Defendant's property.

128.    Denied.

129.    In response to Paragraph 129, Defendant Dairy Fresh is unaware of Plaintiff Cody's motivations, and therefore denies the allegations contained therein.

130.    Denied.

131.    Denied.

132.    In response to Paragraph 132, Defendant Dairy Fresh is unaware of Plaintiff Cody's motivations, and therefore denies the allegations contained therein.

133.    Denied.

134.    Denied.

135.    In response to Paragraph 135, Defendant Dairy Fresh admits that Cody went to the office upon receipt of the letter, but denies he spoke with anyone named Brewer.

136.    Admitted.

137.    Denied.

138.    In response to Paragraph 138, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

139.    Denied.

140.    In response to Paragraph 140, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

141.    In response to Paragraph 141, Defendant Dairy Fresh is unaware of Defendant Cody's knowledge, and therefore denies the allegations contained therein.

142.    Denied.

143.    In response to Paragraph 143, Defendant Dairy Fresh is unaware of the day referred to and, therefore, denies the allegations contained therein.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    In response to Paragraph 148, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

149.    In response to Paragraph 149, Defendant Dairy Fresh admits there was a meeting between Bledsoe, Onorato and Cody, but denies the remaining allegations contained therein.

150.    In response to Paragraph 150, Defendant Dairy Fresh admits that Mark spoke to Onorato about the parking lot, but denies the remaining allegations contained therein.

151.    Denied.

152.    Denied.

153.    Denied.

154.    In response to Paragraph 154, Defendant Dairy Fresh is unaware of the Plaintiffs' motivations and therefore, denies the remaining allegations contained therein.

155.    In response to Paragraph 155, Defendant Dairy Fresh is unaware of the dates of such "complaint" and, as such, denies the allegations contained therein.

156.    Denied.

157.    In response to Paragraph 157, Defendant Dairy Fresh is unaware of the dates of such "complaint" and, as such, denies the allegations contained therein.

158.    Denied.

159.    In response to Paragraph 159, Defendant Dairy Fresh is without sufficient information to determine the relevant dates and route assignments for the time of this allegation, and therefore denies the allegations contained therein.

160.    Denied.

161.    Denied.

162.    Admitted.

163.    Denied.

164.    In response to Paragraph 164, Defendant Dairy Fresh admits that Cody was uncomfortable returning to the store, at issue, and states that Onorato spoke with the store contact regarding the necessity of the one time delivery by Cody and it was cleared with the store contact.  Plaintiff Cody agreed to deliver to the store after he learned that Onorato had discussed the one time delivery with the store contact.  Defendant Dairy Fresh denies the remaining allegations contained therein.

165.    In response to Paragraph 165, Defendant Dairy Fresh admits that Cody was counseled for destruction of company property, but denies the remaining allegations contained therein.

166.    In response to Paragraph 166, Defendant Dairy Fresh admits that Plaintiff Cody filed a grievance regarding a written warning regarding property damage, but denies the remaining allegations contained therein.

167.    In response to Paragraph 167, Defendant Dairy Fresh is unaware of Plaintiff Cody's knowledge, and therefore denies the allegations contained therein.

168.    Denied.

**PLAINTIFF LARRY AMOS**

169.    Admitted.

170.    In response to Paragraph 170, Defendant Dairy Fresh admits that Plaintiff Amos has been its employee for almost 8 years, but denies the remaining allegations contained therein.

171.    Denied.

172.    Denied.

173.     In response to Paragraph 173, Defendant Dairy Fresh admits that Plaintiff Amos was suspended from driving due to his driving history, but denies the remaining allegations contained therein.

174.     Admitted.

175.     Admitted.

176.     Admitted

177.     Admitted.

178.     Admitted.

179.     Denied.

180.     In response to Paragraph 180, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

181.     In response to Paragraph 181, Defendant Dairy Fresh is unaware of any actions taken by the Union Defendant, and denies the remainder of the allegations contained therein.

182.     Admitted.

183.     Denied.

184.     In response to Paragraph 184, Defendant Dairy Fresh is unaware of what Plaintiff Amos thinks is the most physically demanding job in the company, but admits that Plaintiff was required to take a physical skills test as are all new hires.

185.     In response to Paragraph 185, Defendant Dairy Fresh admits that physical skills testing was implemented for all transport drivers in or around 2006, but Dairy Fresh lacks sufficient information at this time to admit or deny the remaining allegations of Paragraph 185, and therefore denies the same.

186.    Denied.

187.    In response to Paragraph 187, Defendant Dairy Fresh admits that Plaintiff was suspended for an on-the-job accident but denies that the damage cost $1,200, but in actuality cost $2,500.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    In response to Paragraph 194, Defendant Dairy Fresh admits that Amos complained about his truck, but denies the remaining allegations contained therein.

195.    Denied.

196.    Denied.

197.    Admitted.

198.    Admitted.

199.    Admitted.

200.    In response to Paragraph 200, Defendant Dairy Fresh is unaware of how the Union treats different stewards and therefore, denies the allegations contained therein.

201.    In response to Paragraph 201, Defendant Dairy Fresh  has no knowledge of the allegations  and therefore,  denies the allegations contained therein.

202.    In response to Paragraph 202, Defendant Dairy Fresh has no knowledge of the allegations and therefore, denies the allegations contained therein.

203.    In response to Paragraph 203, Defendant Dairy Fresh has no knowledge of the allegations and therefore, denies the allegations contained therein.

204.    In response to Paragraph 204, Defendant Dairy Fresh has no knowledge of the allegations, and therefore denies the allegations contained therein.

205.    Denied.

206.    In response to Paragraph 206, Defendant Dairy Fresh has no knowledge of the subjective allegation and therefore, denies the allegations contained therein.

207.    Denied.

208.    In response to Paragraph 208, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

209.    Denied.

210.    Denied.

211.    In response to Paragraph 211, Defendant Dairy Fresh is unaware of the dates of any such "complaints" and, as such, denies the allegations contained therein.

212.    Denied.

213.    In response to Paragraph 213, Defendant Dairy Fresh admits that it terminates white employees who have accrued 10 attendance points.

214.    In response to Paragraph 214, Defendant Dairy Fresh admits that Plaintiff Amos has discussed hiring with Onorato, but denies the remaining allegations contained therein.

215.    In response to Paragraph 215, Defendant Dairy Fresh admits that Plaintiff Amos spoke with Onorato about hires, but denies the remaining allegations contained therein.

216.    Denied.

217.    In response to Paragraph 217, Defendant Dairy Fresh has no knowledge of Plaintiff Amos' subjective "experience", and therefore denies the allegations contained therein.

218.    Denied.

219.    Denied.

## PLAINTIFF J.T. BROOKS

220.    In response to Paragraph 220, Defendant Dairy Fresh admits that J.T. Brooks was hired in October 2006 to work with Dairy Fresh and is currently employed, but denies the remaining allegations contained therein.

221.    Denied.

222.    Denied.

223.    Admitted.

224.    Admitted.

225.    Denied.

226.    In response to Paragraph 226, Defendant Dairy Fresh admits that Plaintiff Brooks trained for one week with a contract employee and former driver for Dairy Fresh, but denies the remaining allegations contained therein.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.     Denied.

233.     In response to Paragraph 233, Defendant Dairy Fresh denies the allegations contained therein, as stated, but admits that Plaintiff Brooks and Plaintiff Amos had schedule changes.

234.     Admitted

235.     In response to Paragraph 235, Defendant Dairy Fresh admits that Plaintiff Brooks filed a grievance regarding scheduling, but denies the remaining allegations contained therein.

236.     Denied.

237.     Denied.

238.     Admitted.

239.     In response to Paragraph 239, Defendant Dairy Fresh states Plaintiff Brooks was not eligible for FMLA leave or short-term disability.

240.     In response to Paragraph 240, Defendant Dairy Fresh states Plaintiff Brooks was not eligible for FMLA leave or short-term disability.

241.     Admitted.

242.     In response to Paragraph 242, Defendant Dairy Fresh admits that Bledsoe denied the request of Plaintiff Brooks for light duty.

243.     In response to Paragraph 243, Defendant Dairy Fresh admits that Plaintiff Brooks was terminated for attendance points, but denies the remaining allegations contained therein.

244.     Denied.

245.     Denied.

246.     Admitted.

247.     In response to Paragraph 247, Defendant Dairy Fresh has no knowledge of Plaintiff Brooks' mental processes, and therefore, denies the allegations contained therein.

248.     In response to Paragraph 248, Defendant Dairy Fresh admits that Plaintiff Brooks agreed to be reinstated to his normal route which included Saturdays, and without backpay, but denies the remaining allegations contained therein.

249.     In response to Paragraph 249, Defendant Dairy Fresh has no knowledge of the allegations and therefore denies the allegations contained therein.

250.     Denied.

251.     Denied.

252.     Denied.

253.     Denied.

254.     Denied.

255.     Denied.

256.     Denied.

257.     Denied.

258.     Denied.

259.     Admitted.

260.     In response to Paragraph 260, Defendant Dairy Fresh is unaware of how long Plaintiff Brooks had been delayed, but admits the remaining allegations contained therein.

261.     Denied.

262.     Denied.

263.     Denied.

264.     Denied.

265.     Denied.

266.     Denied.

267.     Denied.

268.     In response to Paragraph 268, Defendant Dairy Fresh admits that some drivers filed a grievance, but denies the remaining allegations contained therein.

269.     Denied.

270.     Denied.

271.     Denied.

272.     Denied.

273.     Denied.

274.     Denied.

275.     Denied.

276.     Denied.

277.     In response to Paragraph 277, Defendant Dairy Fresh hereby incorporates its responses to paragraphs 1-276 as set forth above.

278.     Denied.

279.     Denied.

280.     Denied.

281.     Denied.

282.     Denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.

289.    Denied.

290.    Denied.

291.    Denied.

292.    In response to Paragraph 292, Defendant Dairy Fresh denies any wrongdoing and denies that Plaintiffs are due any relief.

293.    Denied.

## V. PRAYER FOR RELIEF

In response to Paragraphs 1-4 under the heading "Prayer for Relief", Defendant Dairy Fresh denies that Plaintiffs are due any declaratory or injunctive relief, denies that Plaintiffs are due any damages and denies that Plaintiffs are due any attorneys' fees, costs or expenses or any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

Dairy Fresh incorporates its responses to the Complaint above, as if fully set forth herein.  Dairy Fresh hereby submits its defenses to this Complaint as follows:

## FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, on the grounds that it fails to state a cause of action upon which relief may be granted and/or has failed to allege sufficient facts necessary to state a claim.

## SECOND DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that the Court lacks subject matter jurisdiction.

## THIRD DEFENSE

The Complaint should be dismissed, in whole or in part, on the grounds that Dairy Fresh's actions with regard to each Plaintiff was premised upon legitimate, non-discriminatory, non-harassing, non-retaliatory reasons, unrelated to any alleged protected classification of each Plaintiff, and that Defendant's actions in this matter as to each Plaintiff were in good faith.

## FOURTH DEFENSE

The Complaint should be dismissed in whole or in part as Dairy Fresh's conduct with respect to each Plaintiff was privileged, justified and in good faith and without improper motive, malice, purpose or means.

## FIFTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that each Plaintiff has failed to mitigate his damages.

## SIXTH DEFENSE

The Complaint should be dismissed, in whole or in part, pursuant to the doctrines of estoppel, waiver, unclean hands, laches, *in para delicto* and/or the like including, but

not limited to, that each Plaintiff's actions and/or conduct placed him in the position in which he found himself with respect to his employment, and each Plaintiff's actions and/or conduct were in contravention of policies and/or procedures and/or his refusal to avail himself to, and/or refusal of, various employment opportunities.

## SEVENTH DEFENSE

The Complaint should be dismissed in whole or in part on the grounds that Dairy Fresh has acted in good faith as a reasonably prudent person/entity would have acted under the circumstances.

## EIGHTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that each Plaintiff has failed to utilize internal remedies, has failed to follow Dairy Fresh's internal policies and procedures and/or has failed to exhaust certain intra-Company procedures and/or policies prior to bringing this action.

## NINTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that each Plaintiff has failed to follow Defendant Dairy Fresh's internal policies and procedures related to, *inter alia*, any discrimination and/or retaliation claims.

## TENTH DEFENSE

The Complaint should be dismissed because Defendant Dairy Fresh exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory conduct, and each Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant Dairy Fresh or to avoid harm otherwise.

**ELEVENTH DEFENSE**

The Complaint should be dismissed, in whole or in part, to the extent that the actions complained of, if proven, were outside the scope of the authority and employment of any person allegedly acting on Dairy Fresh's behalf and/or were not authorized by Dairy Fresh.

**TWELFTH DEFENSE**

Any action, decision and/or conduct on Dairy Fresh's part as to each Plaintiff and/or any employment decision which each Plaintiff contends impacted him would have been the same regardless of any alleged protected classification in which each Plaintiff claims to belong in this action and/or alleged protected activity on his part.

**THIRTEENTH DEFENSE**

A.      An award of punitive damages in this case against Dairy Fresh would be unconstitutional for the reason that awards of punitive damages are not governed by any specific standards, are not based on rational distinctions, do not serve any legitimate state interest and thereby violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of Alabama.

B.      Any demand for punitive damages violates the Sixth Amendment of the United States Constitution in that such claim for punitive damages is a claim that is penal in nature, entitling Dairy Fresh to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

C.      Any demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are

penal in nature while Dairy Fresh is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

D.      Any demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

E.      Any demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on Plaintiff is less than the "reasonable doubt" standard required in criminal cases.

F.      Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

G.      Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Section 6 which provides, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on the Plaintiff, which is less than the "reasonable doubt" standard applicable in a criminal case.

H.      Punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest. Consequently, such awards violate the due process and equal protection

Case 1:08-cv-00174-TFM    Document 21    Filed 05/07/2008    Page 28 of 36

provisions of both the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

I.  The amount of an award of punitive damages would violate the excessive fines provisions of the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

J.  Punitive damages are penal in nature yet defendants in civil actions are not accorded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

K.  Plaintiffs' claims for punitive damages are barred by the provisions of Code of Alabama ' 6-11-20 *et seq.* (1975).

### FOURTEENTH DEFENSE

Each Plaintiff's claims, or some of them, are, or may be, barred by the same actor and/or the same decision-maker defense.

### FIFTEENTH DEFENSE

Each Plaintiff's claims, or some of them, are, or may be, affected by the after-acquired evidence rule.

### SIXTEENTH DEFENSE

Damages, if any, suffered by each Plaintiff, were the result of each Plaintiff's own conduct and/or were the result of conduct other than that of Dairy Fresh.

## SEVENTEENTH DEFENSE

Plaintiffs' damages demand should be dismissed, in whole or in part, on the grounds that such amounts, if any, must be offset by sums received, including wages and benefits, by each Plaintiff specific to this matter.

## EIGHTEENTH DEFENSE

The alleged adverse employment action(s) by Dairy Fresh were not intentionally malicious, negligent, or reckless and do not warrant the imposition of punitive damages. *See Kolstad v. American Dental Ass'n.*, 527 U.S. 526, 119 S. Ct. 2118 (1999).

## NINETEENTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that Plaintiffs' claims are untimely filed and/or are prematurely filed.

## TWENTIETH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that Plaintiffs have failed to follow Defendant Dairy Fresh's internal policies and procedures related to, *inter alia*, any discrimination, harassment, or retaliation claims.

## TWENTY-FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that Plaintiffs have failed to notify Defendant Dairy Fresh of, *inter alia*, discrimination and/or harassment claims.

## TWENTY-SECOND DEFENSE

The Complaint should be dismissed because Defendant Dairy Fresh exercised reasonable care to prevent and correct promptly any alleged discriminatory, harassing and/or retaliatory conduct and Plaintiffs unreasonably failed to take advantage of any

preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

### TWENTY-THIRD DEFENSE

The Complaint should be dismissed, in whole or in part, as Plaintiffs suffered no adverse action, impact and/or harm.

### TWENTY-FOURTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that the actions complained of, if proven, were outside the scope of the authority and employment of any person allegedly acting on Dairy Fresh's behalf and/or were not authorized by Dairy Fresh.

### TWENTY-FIFTH DEFENSE

The Complaint should be dismissed, in whole or in part, as Plaintiffs cannot show that Dairy Fresh was on notice and/or had knowledge of any propensity to do harm on the part of any manager, supervisor, agent, employee and/or other person.

### TWENTY-SIXTH DEFENSE

The Complaint should be dismissed in whole or in part on the grounds that Defendant Dairy Fresh's conduct, decisions and/or actions were based upon neutral, objective, legitimate, nondiscriminatory and/or non-retaliatory criteria unrelated to any alleged protected classification of Plaintiffs.

### TWENTY-SEVENTH DEFENSE

Damages, if any, suffered by Plaintiff, were the result of Plaintiffs' own conduct and/or were the result of conduct other than that of Defendant Dairy Fresh.

## TWENTY-EIGHTH DEFENSE

The Complaint should be dismissed in whole or in part as Plaintiffs' claims are barred by the doctrine of avoidable consequences, assumption of risk and/or negligence.

## TWENTY-NINTH DEFENSE

The Complaint should be dismissed in whole or in part as Plaintiffs' purported damages, if any, were not foreseeable and/or otherwise barred by the exclusivity provisions under state law, including workers' compensation law.

## THIRTIETH DEFENSE

The Complaint should be dismissed in whole or in part as Defendant Dairy Fresh had employment policies in place prohibiting the type of conduct alleged in Plaintiffs' Complaint and providing for corrective measures in the event that such policies were violated.

## THIRTY-FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, as Plaintiffs cannot establish a *prima facie* case under any theory of recovery.

## THIRTY-SECOND DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that Defendant Dairy Fresh took prompt and effective remedial action with regard to the alleged actions, if any, of others toward Plaintiff that were actually reported to it.

## THIRTY-THIRD DEFENSE

The Complaint should be dismissed in whole or in part because each Plaintiff had no employment contract with Dairy Fresh of any kind; there was no enforceable

agreement between the parties, either express, implied or oral, as to employment, continued employment or other benefits to be accorded to each Plaintiff; and each Plaintiff was, at all relevant times, an "at will" employee of Dairy Fresh.

## THIRTY-FOURTH DEFENSE

The Complaint should be dismissed, in whole or in part, as no casual connection exists between any of the challenged employment conduct, actions and/or decisions and any alleged unlawful harassing, discriminatory and/or retaliatory motive.

## THIRTY-FIFTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that Dairy Fresh took prompt and effective remedial action with regard to the alleged actions, if any, of others toward each Plaintiff that were actually reported to Dairy Fresh.

## THIRTY-SIXTH DEFENSE

Defendant, Dairy Fresh is not the agent of National Dairy Holdings, LP and did not act as the agent of National Dairy Holdings, LP as to any of the allegations contained herein.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185.

## THIRTY-EIGHTH DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted for a violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185.

**THIRTY-NINTH DEFENSE**

The conduct upon which plaintiffs' claims are based is subject to the grievance and arbitration provisions of the collective bargaining agreement between Dairy Fresh of Alabama, LLC and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers Local Union No. 991, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America.

**FORTIETH DEFENSE**

Plaintiffs have failed to exhaust their remedies under the collective bargaining agreement between Dairy Fresh of Alabama, LLC and International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

**FORTY-FIRST DEFENSE**

Plaintiffs' claims require an interpretation of the collective bargaining agreement between Dairy Fresh of Alabama, LLC and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

**FORTY-SECOND DEFENSE**

Plaintiffs are unable to establish their claims as stated without reference to and interpretation of the collective bargaining agreement between Dairy Fresh of Alabama, LLC and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

**FORTY-THIRD DEFENSE**

Plaintiffs' claims are preempted by the National Labor Relations Act ("NLRA") in that they allege conduct that is arguably protected or prohibited by the NLRA.

### FORTY-FOURTH DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted under 42 U.S.C. Section 1983.

### FORTY-FIFTH DEFENSE

Defendant is not a state actor.

### FORTY-SIXTH DEFENSE

Plaintiffs have failed to allege, and cannot prove, any action taken under color of state law, as is necessary to prove a claim under 42 U.S.C. Section 1983.

### FORTY-SEVENTH DEFENSE

Defendant is not a person within the meaning of 42 U.S.C. Section 1983.

### FORTY-EIGHTH DEFENSE

Any allegation or averment of Plaintiffs' Complaint not expressly admitted is hereby denied.

### FORTY-NINTH DEFENSE

Dairy Fresh reserves the right to amend its Answer.

**WHEREFORE**, Defendant, **DAIRY FRESH,** requests that judgment be entered in its favor, that Plaintiffs' Complaint be dismissed with prejudice, and that the Court enter an Order granting Dairy Fresh its attorney's fees, costs, and expenses, as well as other relief deemed just and equitable under the circumstances, incurred in defending this action.

Respectfully submitted,

/s Timothy A. Palmer
Timothy A. Palmer (PAL009)
Brian R. Bostick (BOS015)
Sandra B. Reiss (REI018)
Veronica L. Merritt (MER024)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
Timothy.palmer@odnss.com
Brian.Bostick@odnss.com
Sandra.Reiss@odnss.com
Veronica.Merritt@odnss.com

*Counsel for Defendant, Dairy Fresh of Alabama, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May, 2008, I electronically filed the foregoing **Answer and Affirmative Defenses on Behalf of Defendant, Dairy Fresh of Alabama, LLC** with the Clerk of Court using the CM/ECF system which will send notification and a complete electronic copy of such filing to the following counsel for Plaintiffs in this matter:  Ann Robertson, Esq.; Temple Trueblood, Esq; and Bobbie Brooks, Esq.

/s Timothy A. Palmer
Timothy A. Palmer
Brian R. Bostick
Sandra B. Reiss
Veronica L. Merritt
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
Timothy.palmer@odnss.com
Brian.Bostick@odnss.com
Sandra.Reiss@odnss.com
Veronica.Merritt@odnss.com

*Counsel for Defendant, Dairy Fresh of Alabama LLC*