**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| | * | |
| DEWAYNE MELTON, et al., | * | |
| | * | |
|     Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. |
| | * |   1:08-CV-174 |
| NATIONAL DAIRY HOLDINGS, L.P.; DAIRY | * | |
| FRESH OF ALABAMA, LLC | * | |
| AND INTERNATIONAL BROTHERHOOD | * | |
| OF TEAMSTERS, CHAUFFEURS, | * | |
| WAREHOUSEMEN AND HELPERS OF | * | |
| AMERICA, LOCAL UNION | * | |
| NO. 991, | * | |
| | * | |
|     Defendants. | * | |

## ANSWER OF DEFENDANT TEAMSTERS

The Defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers

of America, Local Union No. 991 (hereinafter "Teamsters") in the above styled action, answers

the complaint of the Plaintiffs as follows below:

**I.**      **INTRODUCTION**

      1.      Paragraph One of the complaint contains allegations which Teamsters are not

required to admit or deny.

**II.**      **JURISDICTION AND VENUE**

      2.      Teamsters admit that this Court has subject matter jurisdiction but deny violating

any laws which support a claim for relief by Plaintiffs.

3.     Teamsters admit that venue is proper but deny violating any laws which support a claim for relief by Plaintiffs.  Except as expressly admitted, Teamsters deny the allegations contained in Paragraph Three of the complaint.

4.     Paragraph Four of the complaint contains allegations which Teamsters are not required to admit or deny.

### III.     PARTIES

5.     Teamsters admit that plaintiff Melton is an African-American male and that he was an employee of Dairy Fresh of Alabama, LLC, but deny that plaintiff Melton is a member in good standing of Teamsters.  Teamsters are without sufficient information to respond to the remaining allegations of Paragraph 5.

6.     Teamsters admit that plaintiff Harvey is an African-American male and that he is an employee of Dairy Fresh of Alabama, LLC, and that plaintiff Harvey is a member in good standing of Teamsters.  Teamsters deny that plaintiff Harvey is an employee of defendant National Dairy Holdings, L.P. and are without sufficient information to respond to the remaining allegations of Paragraph 6.

7.     Teamsters admit that plaintiff Cody is an African-American male and that he is an employee of Dairy Fresh of Alabama, LLC, and that plaintiff Cody is a member in good standing of Teamsters.  Teamsters deny that plaintiff Cody is an employee of defendant National Dairy Holdings, L.P. and are without sufficient information to respond to the remaining allegations of Paragraph 7.

8.     Teamsters admit that plaintiff Amos is an African-American male and that he is an employee of Dairy Fresh of Alabama, LLC, and that plaintiff Amos is a member in good standing of Teamsters.  Teamsters deny that plaintiff Amos is an employee of defendant National

Dairy Holdings, L.P. and are without sufficient information to respond to the remaining allegations of Paragraph 8.

9.    Teamsters admit that plaintiff Brooks is an African-American male and that he is an employee of Dairy Fresh of Alabama, LLC, and that plaintiff Brooks is a member in good standing of Teamsters.  Teamsters deny that plaintiff Brooks is an employee of defendant National Dairy Holdings, L.P. and are without sufficient information to respond to the remaining allegations of Paragraph 9.

10.    Denied.

11.    Teamsters admit that defendant Dairy Fresh of Alabama, LLC, does business in Houston County and was/is the employer of plaintiffs.  Teamsters deny the remaining allegations of Paragraph 11.

12.    Denied.

13.    Denied.

14.    Teamsters admit that it is a labor organization representing employees in an industry affecting commerce. Teamsters further admit that plaintiffs Harvey, Cody, Amos and Brooks are members in good standing.  Teamsters deny the remaining allegations of the complaint.

## IV.    STATEMENT OF FACTS AND CLAIMS

15.    Teamsters hereby readopt and incorporate all of its responses to Paragraphs 1-14 as if fully set forth herein.

**Plaintiff Dewayne Melton**

16.     Teamsters admit that plaintiff Melton was employed by Dairy Fresh for approximately two and a half years as a driver.  Teamsters deny all remaining allegations of Paragraph 16.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 22.

23.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 23.

24.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 24.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 29.

30.     Melton did not file a grievance over this issue, but Teamsters did represent him on his informal claim that he had been inaccurately assigned attendance points.

31.     Teamsters assisted Melton on his informal claim and were successful in getting the attendance points removed from his file.

32.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 32.

33.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 33.

34.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 34.

35.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 35.

36.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 36.

37.     Denied.

38.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 38.

39.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 39.

40.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 40.

41.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 41.

42.     Melton did not file a grievance over this "write up", but Teamsters did represent him on his informal claim.

43.    Teamsters assisted Melton on his informal claim and were successful in getting the matter resolved in Melton's favor.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 49.

50.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 50.

51.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 51.

52.    Denied.

53.    Denied.

54.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 54.

55.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 55.

56.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 56.

57.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 57.

58.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 58.

59.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 59.

60.    Melton did not file a grievance over the property damage, but Teamsters did represent him on his informal claim.

61.    There was a meeting held to discuss Melton's informal claim over property damage, but Melton was unable to prove how the damage occurred or that it had occurred on company property.

62.    Denied.

63.    Admitted.

64.    Admitted.

65.    Admitted.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

**Plaintiff Pierre Harvey**

71.    Teamsters admit that plaintiff Harvey began working for Dairy Fresh on or about the date indicated as a driver.  Teamsters deny the remaining allegations of Paragraph 71.

72.    Teamsters admit that plaintiff Harvey has been working for Dairy Fresh for approximately two years.  Teamsters deny the remaining allegations of Paragraph 72.

73.    Denied.

74.    Denied.

75.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 75.

76.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 76.

77.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 77.

78.    Paragraph 78 does not require an admission or denial from Teamsters.

79.    Denied.

80.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 80.

81.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 81.

82.    Harvey filed a grievance over this matter but did not allege in his grievance that the "write-up" was discriminatory.  Teamsters represented Harvey on this grievance.

83.    Denied.

84.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 84.

85.    Denied.

86.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 86.

87.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 87.

88.    Denied.

89.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 89.

90.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 90.

91.    Denied.

92.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 92.

93.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 93.

94.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 94.

95.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 95.

96.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 96.

97.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 97.

98.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 98.

99.    Harvey's name appeared on a grievance filed by Henry Cody, dated September 4, 2006.  In his grievance, Cody stated that he would like to file "a  discrimination act against Keith Eldorado."  Plaintiffs Melton's and Amos' names also appeared on the grievance.

100.    Denied.

101.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 101.

102.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 102.

103.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 103.

104.    Denied.

105.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 105.

106.    Harvey did complain to Teamsters about attendance points being inaccurately assigned to him and Teamsters assisted him on this matter.

107.    Admitted.

108.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 108.

109.    Admitted.

110.    Denied.

111.    Admitted.

112.    Teamsters requested Bledsoe to accurately record attendance points in accordance with the terms of the collective bargaining agreement.

113.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 113.

114.    Admitted.

115.    Teamsters were able to get Bledsoe to provide copies of the attendance points write-ups.

116.    Denied.

117.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 117.

118.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 118.

119.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 119.

**Plaintiff Henry Cody**

120.    Teamsters admit that plaintiff Cody began working for Dairy Fresh on or about the date indicated as a driver.  Teamsters deny the remaining allegations of Paragraph 120.

121.    Denied.

122.    Denied.

123.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 123.

124.    Denied.

125.    Cody did not file a grievance concerning this matter but Teamsters did represent him on his informal complaint.

126.    Denied.

127.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 127.

128.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 128.

129.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 129.

130.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 130.

131.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 131.

132.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 132.

133.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 133.

134.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 134.

135.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 135.

136.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 136.

137.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 137.

138.     Cody filed a grievance protesting the warning he received from Bower and complaining about the way Bower had spoken to him.

139.     Denied.

140.     Denied.

141.     Denied.

142.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 142.

143.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 143.

144.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 144.

145.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 145.

146.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 146.

147.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 147.

148.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 148.

149.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 149.

150.     Denied.

151.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 151.

152.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 152.

153.    Denied.

154.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 154.

155.    Denied.

156.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 156.

157.    Denied.

158.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 158.

159.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 159.

160.    Denied.

161.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 161.

162.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 162.

163.    Denied.

164.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 164.

165.    Admitted.

166.    Cody filed a grievance concerning this matter.  The remaining allegations of Paragraph 166 are denied.

167.    The allegations contained in Paragraph 167 do not require an admission or denial from Teamsters.

168.    The allegations contained in Paragraph 167 do not require an admission or denial from Teamsters.

**Plaintiff Larry Amos**

169.    Teamsters admit that plaintiff Amos began working for Dairy Fresh on or about the date indicated as a driver and that he was terminated and then rehired, as indicated. Teamsters deny the remaining allegations of Paragraph 169.

170.    Teamsters admit that plaintiff Amos has been working for Dairy Fresh for nearly eight years.  Teamsters deny the remaining allegations of Paragraph 170.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 174.

175.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 175.

176.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 176.

177.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 177.

178.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 178.

179.    Denied.

180.    Amos filed a grievance in protest of the warning he received over this incident. The remaining allegations of Paragraph 180 are denied.

181.    Denied.

182.    Admitted.

183.    Denied.

184.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 184.

185.    Denied.

186.    Denied.

187.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 187.

188.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 188.

189.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 189.

190.    Denied.

191.    Denied.

192.    Denied.

193.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 193.

194.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 194.

195.     Denied.

196.     Denied.

197.     Amos holds the elected position of shop steward with Teamsters and has held that position since approximately 2000.  Teamsters are without information to admit or deny the remaining allegations of Paragraph 197.

198.     Admitted.

199.     Among other things, shop stewards assist bargaining unit employees formally and informally on their complaints arising under the collective bargaining agreement.

200.     Denied.

201.     Denied.

202.     Denied.

203.     Denied.

204.     Denied.

205.     Denied.

206.     Denied.

207.     Denied.

208.     Denied.

209.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 209.

210.    Denied.

211.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 211.

212.    Denied.

213.    Denied.

214.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 214.

215.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 215.

216.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 216.

217.    Denied.

218.    Denied.

219.    Denied.

**J.T. Brooks**

220.    Teamsters admit that plaintiff Brooks began working for Dairy Fresh on or about October 31, 2006, as a driver.  Teamsters deny the remaining allegations of Paragraph 220.

221.    Denied.

222.    Denied.

223.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 223.

224.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 224.

225.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 225.

226.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 226.

227.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 227.

228.     African American and white drivers carry cell phones while running their routes and are not disciplined.

229.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 229.

230.     Brooks filed a grievance over this matter, but Teamsters are without sufficient information to admit or deny the remaining allegations contained in Paragraph 230.

231.     Denied.

232.     Denied.

233.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 233.

234.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 234.

235.     Denied.

236.     Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 236.

237.     Denied.

238.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 238.

239.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 239.

240.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 240.

241.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 241.

242.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 242.

243.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 243.

244.    Denied.

245.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 245.

246.    Admitted.

247.    Denied.

248.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 248.

249.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 249.

250.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 250.

251.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 251.

252.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 252.

253.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 253.

254.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 254.

255.    Denied.

256.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 256.

257.    Denied.

258.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 258.

259.    Brooks filed a grievance against Brown for the incident, and alleged, among other things that there are "issues between Tim Brown and blacks."

260.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 260.

261.    Teamsters are without sufficient information to admit or deny the allegations contained in Paragraph 261.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

270.    Denied.

271.    Denied.

272.    Denied.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

## COUNT ONE: SECTION 1981 VIOLATIONS
## RACIAL HARASSMENT, DISCRIMINATION AND RETALIATION
## (AS ASSERTED VIA 42 U.S.C. SECTION 1983)

277.    Teamsters hereby readopt and incorporate all of its responses to Paragraphs 1-276

as if fully set forth herein.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.

289.    Denied.

290.    Denied.

291.    Denied.

292.    Denied.

293.    Denied.

## V.     PRAYER FOR RELIEF

1.    Teamsters deny that Plaintiffs are entitled to any relief in this action.

2.    Teamsters deny that Plaintiffs are entitled to any relief in this action.

3.    Teamsters deny that Plaintiffs are entitled to any relief in this action.

4.    Teamsters deny that Plaintiffs are entitled to any relief in this action.

### AFFIRMATIVE DEFENSES

1.    The plaintiffs' claims are barred by the applicable statute of limitations.

2.    The plaintiffs' claims are barred by laches.

3.    The plaintiffs' claims are barred because of their failure to mitigate their damages.

4.    The plaintiffs' claims are barred by the equitable doctrine of unclean hands.

5.    The plaintiffs have failed to state claims upon which relief can be granted.

6.    The treatment of the plaintiffs by Teamsters was at all times based upon

reasonable legitimate, nondiscriminatory factors other than plaintiffs' race or any other protected

factor.

7.      Plaintiffs' claims are barred because Teamsters did not subject plaintiffs to any adverse employment action or discrimination based upon their race.

8.      Plaintiffs' claims are barred, in whole or in part, because plaintiffs were not harmed in the manner or to the extent alleged.

9.      Plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to exhaust their contractual remedies arising under the Collective Bargaining Agreement, Teamsters' Constitution and By-Laws and/or internal union remedies.

10.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and estoppel.

11.     Plaintiffs are not entitled to attorneys fees, costs or expenses.

12.     Plaintiffs claims for damages are limited in whole or in part by statute and/or governing case law.

13.     Teamsters reserve the right to amend or add any additional defenses or counterclaims which may become known during the course of discovery.

14.     Plaintiffs are not entitled to recover punitive damages in that all actions taken by Teamsters concerning plaintiffs were taken at all times in good faith.

15.     Plaintiffs are not entitled to punitive damages under their alleged causes of action.

16.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs have failed to exhaust their administrative remedies.

17.     Plaintiffs' claims have been brought without any legal and/or factual justification and in bad faith.

18.     Imposition of punitive damages in this case would contravene the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, to the United States Constitution

including, but not limited to, the following separate and several grounds:                    a.

The procedures to which punitive damages are awarded permit the award of such

damages, which are penal in nature, upon satisfaction of a burden of proof which is less than the

"beyond a reasonable doubt" standard required in criminal causes.

b.     The procedures pursuant to which punitive damages are awarded fail to

provide specific standards for the award of punitive damages.

c.     The procedures pursuant to which punitive damages are awarded fail to

provide specific standards for the amount of punitive damages.

d.     The procedures pursuant to which punitive damages are awarded are

unconstitutionally vague.

e.     An award of punitive damages would constitute an arbitrary and

capricious taking of the property of these defendants without due process of law under the Fifth

and Fourteenth Amendments.

f.     The procedures pursuant to which punitive damages are awarded fail to

provide a clear appellate standard of review for an award of punitive damages.

g.     The procedures pursuant to which punitive damages are awarded may

permit the admission of evidence relative to punitive damages in the same proceeding during

which liability and compensatory damages are determined.

h.     The procedures fail to provide a limit on the amount of the award against

these defendants in violation of these defendants right to procedural and substantive due process.

i.     The procedures permit multiple awards of punitive damages for the same

alleged act.

j.      The award of punitive damages violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

k.      An award of punitive damages as claimed would violate these defendants' right to equal protection under the law.

l.      The award of punitive damages against civil defendants without providing to those defendants all of the protection guaranteed to persons accused of criminal acts violates the Due Process Clause of the Fourteenth Amendment and the requirements of the Fifth and Sixth Amendments.

m.      The procedures for the award of punitive damages authorizes a jury to award punitive damages in an unbridled and unlimited manner, without requiring the plaintiff to show any relation between the amount of punitive damages sought or awarded and the amount of actual damages suffered or the conduct of the defendants.

Having answered the allegations of the complaint, Teamsters pray that the complaint be dismissed, that the plaintiffs take nothing and that Teamsters be allowed their costs and attorneys fees in defending this action.

Respectfully submitted,


By s/ Mary E. Olsen
MARY E. OLSEN (OLSEM4818)
J. CECIL GARDNER (GARDJ3461)
M. VANCE MCCRARY (MCCRM4402)
THE GARDNER FIRM, P.C.
Attorneys for Defendant TEAMSTERS
P. O. Box 3103
Mobile, Alabama 36652
(251) 433-8100 (TELEPHONE)
(251) 433-8181 (FACSIMILE)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 8th day of May, 2008, electronically served a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to each of the following:

Bobbie Shaw Crook
BOBBIE S. CROOK P.C.
367 S. St. Andrews Street
Dothan, AL 36301

Ann C. Robertson, Esq.
Temple D. Trueblood, Esq.
WIGGINS, CHILDS, QUINN &
PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203

Sandra Beth Reiss
Timothy A. Palmer
Veronica LaShonda Merritt
Brian R. Bostick
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1819 5th Avenue North
Suite 1000
Birmingham, AL 35203

s/ Mary E. Olsen
Mary E. Olsen (OLSEM4818)