## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**DEWAYNE MELTON, PIERRE
HARVEY, LARRY AMOS, HENRY
CODY, and J.T. BROOKS,**

     **Plaintiffs,**

                                            **Civil Action No. 1:08-cv-174**

**v.**

**NATIONAL DAIRY HOLDINGS, L.P.;
DAIRY FRESH OF ALABAMA, LLC; and
THE INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, CHAUFFEURS,
WAREHOUSEMEN and HELPERS
LOCAL UNION NO. 991,**

     **Defendants.**

_____/

## MOTION FOR LEAVE TO AMEND THE ANSWER
## OF DEFENDANT, NATIONAL DAIRY HOLDINGS, L.P.

     **COMES NOW** Defendant, National Dairy Holdings, L.P. ("NDH"), by and through undersigned counsel, and moves this Court to allow it to Amend its Answer to Plaintiffs' Complaint, specifically to allow it to add additional Affirmative Defenses consistent with the holdings in <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, (11th Cir. 2008).  Defendant makes this Motion based on the following:

1.    Plaintiffs' Complaint consists of 293 paragraphs of factual allegations which span a four-year time frame, involve numerous individuals identified in the Complaint, and relate to a myriad of events during each Plaintiff's employment.  However, each of the Plaintiffs allege facts that have no date reference and some of the Plaintiffs' claims are beyond the statute of limitations.

2.    Additionally, Plaintiffs allege "pattern and practice" claims; however, they have not properly pled the same pursuant to <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955 (11th Cir. 2008).

3.    At this time, the Court has not issued a Scheduling Order and as such, the Plaintiffs will not be prejudiced by the amendment of additional Affirmative Defenses.

4.    The proposed Amended Answer is attached hereto as Tab A.

WHEREFORE, PREMISES CONSIDERED, Defendant, National Dairy Holdings, L.P., respectfully requests that this Court Grant its Motion for Leave to Amend.

Respectfully submitted,

/s/Sandra B. Reiss
Timothy A. Palmer (PAL009)
Brian R. Bostick (BOS015)
Sandra B. Reiss (REI018)
Veronica L. Merritt (MER024)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205)328-1900; fax (205)328-6000
Timothy.Palmer@odnss.com
Brian.Bostick@odnss.com
Sandra.Reiss@odnss.com
Veronica.Merritt@odnss.com

*Counsel for Defendant, National Dairy Holdings, L.P.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of June, 2008, I electronically filed the foregoing *Motion for Leave to Amend the Answer of Defendant, National Dairy Holdings, L.P.***,** with the Clerk of Court using the CM/ECF system which will send notification and a complete electronic copy of such filing to the following counsel in this matter:   Ann Robertson; Temple Trueblood; Bobbie S. Crook; Mary Olsen; Cecil Gardner; and Vance McCrary.


/s/Sandra B. Reiss
Timothy A. Palmer
Brian R. Bostick
Sandra B. Reiss
Veronica L. Merritt
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
Timothy.Palmer@odnss.com
Brian.Bostick@odnss.com
Sandra.Reiss@odnss.com
Veronica.Merritt@odnss.com

*Counsel for Defendant, National Dairy Holdings, L.P.*

# TAB   A

To Motion for Leave to Amend

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEWAYNE MELTON, PIERRE
HARVEY, LARRY AMOS, HENRY
CODY, and J.T. BROOKS,

      Plaintiffs,

                                     Civil Action No. 1:08-cv-174

v.

NATIONAL DAIRY HOLDINGS, L.P.;
DAIRY FRESH OF ALABAMA, LLC; and
THE INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, CHAUFFEURS,
WAREHOUSEMEN and HELPERS
LOCAL UNION NO. 991,

      Defendants.

_____/

## FIRST AMENDED ANSWER AND AFFIRMATIVE AND OTHER DEFENSES ON BEHALF OF DEFENDANT, NATIONAL DAIRY HOLDINGS, LP

COMES NOW Defendant, National Dairy Holdings, LP (incorrectly named National Dairy Holdings, L.P.) and (hereafter "NDH"), by and through its undersigned counsel, and for its First Amended Answer and Defenses to the Complaint filed herein, states:

## I.    INTRODUCTION

1.     In response to Paragraph 1, Defendant NDH admits that Plaintiffs bring an action pursuant to 42 U.S.C. § 1981 alleging discrimination and retaliation and seek forms of injunctive and monetary forms of relief including attorneys' fees and costs, but denies that Plaintiffs have any actionable claims thereunder or that Plaintiffs are entitled

to any damages or any attorneys' fees or costs from NDH or Dairy Fresh of Alabama LLC ("Dairy Fresh").  Defendant also denies it is a public entity and, therefore, denies any claim brought under § 1983, or any relief related thereto.

## II.   JURISDICTION AND VENUE

2.     In response to Paragraph 2, Defendant NDH admits that Plaintiffs purport to bring their action pursuant to 28 U.S.C. §§ 1331, 1343 (a)(4); however, NDH does not identify any claims contained in Plaintiffs' Complaint for which supplemental jurisdiction would be invoked and therefore, denies the need for supplemental jurisdiction.

3.     In response to Paragraph 3, Defendant NDH does not conduct business in Houston County, and as such, denies the allegations contained therein.

4.     In response to Paragraph 4, Defendant NDH admits that Plaintiffs request a trial by jury.

## III.  PARTIES

5.     In response to Paragraphs 5-9, Defendant NDH denies that it is an employer or has contracted with any Plaintiff in this action.   As to any specific allegations of the Plaintiffs, NDH denies the same and hereby adopts by reference the Answer of Dairy Fresh as to these specific factual allegations.

6.     In response to Paragraph 10, Defendant NDH denies the allegations contained therein.

7.     In response to Paragraph 11, Defendant NDH admits that Dairy Fresh was the employer of Plaintiffs and conducted business in Houston County, Alabama, but denies the remaining allegations contained in the paragraph.

8.     In response to Paragraph 12, Defendant NDH denies the allegations contained therein.

9.     In response to Paragraph 13, Defendant NDH denies the allegations contained therein.

10.     In response to Paragraph 14, Defendant NDH admits that the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers Local Union No. 991 is a labor organization, but denies the remainder of allegations contained therein.

11.     In response to Paragraph 15, Defendant NDH hereby adopts its responses to paragraphs 1-14 above.

**PLAINTIFF DEWAYNE MELTON**

12.     In response to Paragraphs 16-70, Defendant NDH denies that it is an employer or has contracted with any Plaintiff in this action.   As to any specific allegations of the Plaintiffs, NDH denies the same and hereby adopts by reference the Answer of Dairy Fresh as to these specific factual allegations.

**PLAINTIFF PIERRE HARVEY**

13.     In response to Paragraphs 71-119, Defendant NDH denies that it is an employer or has contracted with any Plaintiff in this action.   As to any specific allegations of the Plaintiffs, NDH denies the same and hereby adopts by reference the Answer of Dairy Fresh as to these specific factual allegations.

**PLAINTIFF HENRY CODY**

14.     In response to Paragraphs 120-168, NDH denies that it is an employer or has contracted with any Plaintiff in this action.   As to any specific allegations of the

.

3

Plaintiffs, NDH denies the same and hereby adopts by reference the Answer of Dairy Fresh as to these specific factual allegations.

**PLAINTIFF LARRY AMOS**

15.    In response to Paragraphs 169-219, NDH denies that it is an employer or has contracted with any Plaintiff in this action.  As to any specific allegations of the Plaintiffs, NDH denies the same and hereby adopts by reference the Answer of Dairy Fresh as to these specific factual allegations.

**PLAINTIFF J. T. BROOKS**

16.    In response to Paragraphs 220-270, NDH denies that it is an employer or has contracted with any Plaintiff in this action.  As to any specific allegations of the Plaintiffs, NDH denies the same and hereby adopts by reference the Answer of Dairy Fresh as to these specific factual allegations.

17.    In response to Paragraphs 271-276, Defendant NDH denies the allegations contained therein.

**ALLEGED COUNT I – Section 1981 Violations**

18.    In response to Paragraphs 277-293, Defendant NDH denies the allegations contained therein.

**V.    PRAYER FOR RELIEF**

19.    In response to Paragraphs 1-4 under this heading, Defendant NDH denies that Plaintiffs are due any declaratory or injunctive relief, denies that Plaintiffs are due any damages, and denies that Plaintiffs are due any attorneys' fees, costs or expenses or any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

NDH incorporates its responses to the Complaint above, as if fully set forth herein. NDH hereby submits its defenses to this Complaint as follows:

### FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, on the grounds that it fails to state a cause of action upon which relief may be granted and/or have failed to allege sufficient facts necessary to state a claim.

### SECOND DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that the Court lacks subject matter jurisdiction.

### THIRD DEFENSE

The Complaint should be dismissed, in whole or in part, on the grounds that NDH's actions, if any, with regard to Plaintiffs were premised upon legitimate, non-discriminatory, non-harassing, non-retaliatory reasons, unrelated to any alleged protected classification of Plaintiffs, and that Defendant's actions in this matter as to Plaintiffs were in good faith.

### FOURTH DEFENSE

The Complaint should be dismissed in whole or in part as NDH's conduct with respect to Plaintiffs, if any, was privileged, justified and in good faith and without improper motive, malice, purpose or means.

### FIFTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that any Plaintiff has failed to mitigate his damages.

## SIXTH DEFENSE

The Complaint should be dismissed, in whole or in part, pursuant to the doctrines of estoppel, waiver, unclean hands, laches, *in para delicto* and/or the like including, but not limited to, that each Plaintiff's action and/or conduct placed him in the position in which he found himself with respect to his employment, and each Plaintiff's action and/or conduct was in contravention of policies and/or procedures and/or his refusal to avail himself of to, and/or refusal of, various employment opportunities.

## SEVENTH DEFENSE

The Complaint should be dismissed in whole or in part on the grounds that NDH has acted in good faith as a reasonably prudent person/entity would have acted under the circumstances.

## EIGHTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that each Plaintiff has failed to utilize internal remedies, has failed to follow NDH's internal policies and procedures and/or has failed to exhaust certain intra-Company procedures and/or policies prior to bringing this action.

## NINTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that Plaintiffs have failed to follow Defendant's internal policies and procedures related to, *inter alia*, any discrimination and/or retaliation claims.

## TENTH DEFENSE

The Complaint should be dismissed because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory conduct, and Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

## ELEVENTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that the actions complained of, if proven, were outside the scope of the authority and employment of any person allegedly acting on NDH's behalf and/or were not authorized by NDH.

## TWELFTH DEFENSE

Any action, decision and/or conduct on NDH's part as to each Plaintiff and/or any employment decision which each Plaintiff contends impacted him would have been the same regardless of any alleged protected classification in which each Plaintiff claims to belong in this action and/or alleged protected activity on his part.

## THIRTEENTH DEFENSE

A.    An award of punitive damages in this case against NDH would be unconstitutional for the reason that awards of punitive damages are not governed by any specific standards, are not based on rational distinctions, do not serve any legitimate state interest and thereby violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of Alabama.

B.    Any demand for punitive damages violates the Sixth Amendment of the United States Constitution in that such claim for punitive damages is a claim that is penal

7

in nature, entitling NDH to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

C.      Any demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while NDH is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

D.      Any demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

E.      Any demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on Plaintiff is less than the "reasonable doubt" standard required in criminal cases.

F.      Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

G.      Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Section 6 which provides, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive

8

damages claimed are penal in nature, requiring a burden of proof on the Plaintiff, which is less than the "reasonable doubt" standard applicable in a criminal case.

H.    Punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest. Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

I.    The amount of an award of punitive damages would violate the excessive fines provisions of the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

J.    Punitive damages are penal in nature yet defendants in civil actions are not accorded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

K.    Plaintiffs' claims for punitive damages are barred by the provisions of Code of Alabama ' 6-11-20 *et seq.* (1975).

## FOURTEENTH DEFENSE

Each of Plaintiffs' claims, or some of them, are, or may be, barred by the same actor and/or the same decision-maker defense.

## FIFTEENTH DEFENSE

Each of Plaintiffs' claims, or some of them, are, or may be, affected by the after-acquired evidence rule.

## SIXTEENTH DEFENSE

Damages, if any, suffered by each Plaintiff, were the result of each Plaintiff's own conduct and/or were the result of conduct other than that of NDH.

## SEVENTEENTH DEFENSE

Plaintiffs' damages demand should be dismissed, in whole or in part, on the grounds that such amounts, if any, must be offset by sums received, including wages and benefits, by each Plaintiff specific to this matter.

## EIGHTEENTH DEFENSE

The alleged adverse employment action(s) by NDH were not intentionally malicious, negligent, or reckless and do not warrant the imposition of punitive damages. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526, 119 S. Ct. 2118 (1999).

## NINETEENTH DEFENSE

The Complaint should be dismissed in whole or in part because each Plaintiff had no employment contract with NDH of any kind; nor was there an enforceable agreement between the parties, either express, implied or oral, as to employment, continued employment or other benefits to be accorded to each Plaintiff.

## TWENTIETH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that NDH took prompt and effective remedial action with regard to the alleged actions, if any, of others towards each Plaintiff that were actually reported to it.

10

### TWENTY-FIRST DEFENSE

Defendant, NDH is not the principal of Dairy Fresh of Alabama, LLC and Dairy Fresh of Alabama, LLC, did not act as the agent of NDH as to any of the allegations contained herein.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185.

### TWENTY-THIRD DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted for a violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185.

### TWENTY-FOURTH DEFENSE

The conduct upon which Plaintiffs' claims are based is subject to the grievance and arbitration provisions of the collective bargaining agreement between Dairy Fresh of Alabama, LLC and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers Local Union No. 991, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America.

### TWENTY-FIFTH DEFENSE

Plaintiffs have failed to exhaust their remedies under the collective bargaining agreement between Dairy Fresh of Alabama, LLC and International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims require an interpretation of the collective bargaining agreement between Dairy Fresh of Alabama, LLC and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

### TWENTY-SEVENTH DEFENSE

Plaintiffs are unable to establish their claims as stated without reference to and interpretation of the collective bargaining agreement between Dairy Fresh of Alabama, LLC and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are preempted by the National Labor Relations Act ("NLRA") in that they allege conduct that is arguably protected or prohibited by the NLRA.

### TWENTY-NINTH DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted under 42 U.S.C. Section 1983.

### THIRTIETH DEFENSE

Defendant is not a state actor.

### THIRTY-FIRST DEFENSE

Plaintiffs have failed to allege, and cannot prove, any action taken under color of state law, as is necessary to prove a claim under 42 U.S.C. Section 1983.

### THIRTY-SECOND DEFENSE

Defendant is not a person within the meaning of 42 U.S.C. Section 1983.

### THIRTY-THIRD DEFENSE

Any allegation or averment of Plaintiffs' Complaint not expressly admitted is hereby denied.

### THIRTY-FOURTH DEFENSE

The Complaint should be dismissed, in whole or in part, as no causal connection exists between any of the challenged employment conduct, actions and/or decisions and any alleged unlawful harassment, discriminatory and/or retaliatory motive.

### THIRTY-FIFTH DEFENSE

Plaintiff Melton does not provide a date for many of the alleged claims in his Complaint, and as such, Defendant maintains that these claims are untimely, and overly vague and should not be considered by the Court.

### THIRTY-SIXTH DEFENSE

Plaintiff Harvey does not provide a date for many of the alleged claims in his Complaint, and as such, Defendant maintains that these claims are untimely, and overly vague and should not be considered by the Court.

### THIRTY-SEVENTH DEFENSE

Plaintiff Amos does not provide a date for many of the alleged claims in his Complaint, and as such, Defendant maintains that these claims are untimely, and overly vague and should not be considered by the Court.

### THIRTY-EIGHTH DEFENSE

Plaintiff Amos alleges claims beyond the statute of limitations.

## THIRTY-NINTH DEFENSE

Plaintiff Cody does not provide a date for many of the alleged claims in his Complaint, and as such, Defendant maintains that these claims are untimely, and overly vague and should not be considered by the Court.

## FORTIETH DEFENSE

Plaintiff Brooks does not provide a date for many of the alleged claims in his Complaint, and as such, Defendant maintains that these claims are untimely, and overly vague and should not be considered by the Court.

## FORTY-FIRST DEFENSE

Plaintiffs' claims of alleged race discrimination arising under Section 1981  as contained in paragraphs # 278, 270, 280, 283 and 284 are conclusory in nature, do not apply to all the Plaintiffs, and therefore do not meet the requirements of the notice pleading standard and Fed.R.Civ.P. 10(b).

## FORTY-SECOND DEFENSE

Plaintiffs failed to set out their claims as required by Fed.R.Civ.P. 10(b) by stating each claim separately.

## FORTY-THIRD DEFENSE

Plaintiffs lack standing to allege a quasi-Rule 23 case or pattern and practice discrimination. Davis v. Coca-Cola Bottling Co. Cons.. 516 F.3d 955 (11th Cir. 2008).

## FORTY-FOURTH DEFENSE

Plaintiffs' claims of pattern and practice race discrimination or retaliation, paragraphs 272-276, 280 and 284 do not allege Fed.R.Civ.P. 23(a) requirements of

numerosity and should be stricken.  Davis v. Coca-Cola Bottling Co. Cons.. 516 F.3d 955 (11th Cir. 2008).

### FORTY-FIFTH DEFENSE

Plaintiffs' claims of pattern and practice race discrimination or retaliation, paragraphs 272-276, 280 and 284 do not allege Fed.R.Civ.P. 23(a) requirements of commonality and should be stricken.  Davis v. Coca-Cola Bottling Co. Cons., 516 F.3d 955 (11th Cir. 2008).

### FORTY-SIXTH DEFENSE

Plaintiffs' claims of pattern and practice race discrimination or retaliation, paragraphs 272-276, 280 and 284, do not allege Fed.R.Civ.P. 23(a) requirements of typicality. Davis v. Coca-Cola Bottling Co. Cons.. 516 F.3d 955 (11th Cir. 2008).

### FORTY-SEVENTH DEFENSE

Plaintiffs' claims of pattern and practice race discrimination or retaliation, paragraphs 272-276, 280 and 284, do not allege Fed.R.Civ.P. 23(a) requirements of adequacy. Davis v. Coca-Cola Bottling Co. Cons.. 516 F.3d 955 (11th Cir. 2008).

### FORTY-EIGHTH DEFENSE

Plaintiffs' claims as alleged in the Statement of Facts, are described as discrete acts and as such, cannot be considered as a pattern or practice by Defendant.  Davis v. Coca-Cola Bottling Co. Cons.. 516 F.3d 955 (11th Cir. 2008).

### FORTY-NINTH DEFENSE

Plaintiffs allege facts of discrete acts of disparate treatment and should be considered under the burden-shifting framework of McDonnell Douglas Corp. v. Green. See, Davis v. Coca-Cola Bottling Co. Cons.. 516 F.3d 955 (11th Cir. 2008).

### FIFTIETH DEFENSE

NDH reserves the right to amend its Answer.

**WHEREFORE**, Defendant **National Dairy Holdings, LP** requests that judgment be entered in its favor, that Plaintiffs' Complaint be dismissed with prejudice, and that the Court enter an Order granting NDH its attorney's fees, costs, and expenses, as well as other relief deemed just and equitable under the circumstances, incurred in defending this action.

Respectfully submitted,

/s/Sandra B. Reiss
Timothy A. Palmer (PAL009)
Brian R. Bostick (BOS015)
Sandra B. Reiss (REI018)
Veronica L. Merritt (MER024)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Ph. (205)328-1900; Fax: (205)328-6000
Timothy.Palmer@odnss.com
Brian.Bostick@odnss.com
Sandra.Reiss@odnss.com
Veronica.Merritt@odnss.com
*Counsel for Defendant, National Dairy Holdings, LP*

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of June, 2008, I electronically filed the foregoing *First Amended Answer and Affirmative Defenses on behalf of Defendant, National Dairy Holdings, LP*, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel in this matter: Ann Robertson, Esq.; Temple Trueblood, Esq.; and Bobbie S. Crook; Mary Olsen; Cecil Gardner; and Vance McCrary.

/s/Sandra B. Reiss
Timothy A. Palmer
Brian R. Bostick
Sandra B. Reiss
Veronica L. Merritt
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
Timothy.Palmer@odnss.com
Brian.Bostick@odnss.com
Sandra.Reiss@odnss.com
Veronica.Merritt@odnss.com

*Counsel for Defendant, National Dairy Holdings, LP*

17