**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

June 24, 2008

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:   Melton et al v. National Dairy Holdings, L.P. et al

Case Number:   1:08cv00174-TFM

**This Notice of Correction was filed in the referenced case this date to attach the corrected PDF document previously attached to include the electronic signatures for all parties.**

**The corrected PDF document is attached to this notice for your review.   Reference is made to document # 31   filed on   June 24, 2008.**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEWAYNE MELTON, PIERRE HARVEY, LARRY AMOS, HENRY CODY, and J.T. BROOKS,** | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) Civil Action No. 1:08-cv-174<br>)<br>) |
| **NATIONAL DAIRY HOLDINGS, L.P.; DAIRY FRESH OF ALABAMA, LLC; and THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN and HELPERS LOCAL UNION NO. 991,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## REPORT OF PARTIES' RULE 26 PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1(d), a meeting was held telephonically on June 19, 2008, by and between:

   A. Temple Trueblood, on behalf of Plaintiffs;

   B. Sandra Reiss and Veronica Merritt, on behalf of Defendants, National Dairy Holdings, LP; and Dairy Fresh of Alabama, LLC, and

   C. Mary Olsen and Vance McCrary, on behalf of Defendant, The International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers Local Union No. 991.

2. Pre-Discovery Disclosures. The Parties will exchange the information required by Local Rule 26.1(a)(1) by July 9, 2008.

1

   3.  Discovery Plan. The parties jointly propose to the Court the following discovery plan:

   A.  Discovery will be sought on the following subjects: Plaintiffs' substantive claims and the defenses of Defendants, including all defenses to damages;

   B.  All discovery will be commenced in time to be completed by August 2, 2009.

   C.  Discovery requests.

     1.  <u>Plaintiffs (as a group) to each separate Defendant</u>. Maximum of 50 interrogatories and 50 requests for production of documents and parties will revisit additional requests for production if necessary. Maximum of 20 requests for admission. The above limits are restrictive to each separate Defendant and will be exhausted upon service of the 50, 50, and 20 requests as identified above. Responses due as provided in Federal Rules of Civil Procedure; and

     2.  <u>Each separate Defendant to each individual Plaintiff.</u> Maximum of 25 interrogatories and 25 requests for production of documents. Maximum of 20 requests for admission. The above limits are restrictive as to service on each individual Plaintiff, and will be exhausted upon service of the 25, 25, and 20 requests as identified above. Responses due as provided in Federal Rules of Civil Procedure.

   D.  Maximum of 10 depositions by each party limited to seven hours each.

    E. Reports from retained experts under Rule 26(a)(2) due:

      1. From plaintiffs by February 1, 2009.

      2. From defendants by March 1, 2009.

    F. Supplements under Rule 26(e), Fed.R.Civ.P., are due 30 days after notice but no later than 45 days before the close of discovery.

  4. Other Items.

    A. The parties do not request a conference with the Court before entry of the scheduling order;

    B. The plaintiff should be allowed until August 1, 2008 to join additional parties and to amend the pleadings; and defendants shall have until September 1, 2008 to do the same;

    C. All potentially dispositive motions should be filed by July 2, 2009.

    D. The parties submit that settlement cannot be realistically evaluated at this time;

    E. The parties request a final pretrial conference not before October 2009.

    F. Final lists of trial evidence under Rule 26(a)(3) should be due as specified in the pretrial order;

    G. Parties should have ten days after service of final lists of trial evidence to list objections under Rule 26(a)(3); and

    H. The case should be ready for trial <u>after November 2, 2009,</u> and at this time is expected to take approximately a week.

  DATED this 23rd day of June, 2008.

The parties have further agreed that Sandra Reiss shall efile the foregoing document on their behalf. Submitted this 24th day of June, 2008.

| FOR PLAINTIFFS | FOR DEFENDANTS,<br>National Dairy Holdings, LP and<br>Dairy Fresh of Alabama, LLC |
|---|---|
| By Counsel: | |
| /s/Temple D. Trueblood<br>Temple D. Trueblood<br>Ann C. Robertson<br>OF COUNSEL:<br>Wiggins, Childs, Quinn & Pantazis, P.C.<br>The Kress Building<br>301 19th Street North<br>Birmingham, AL  35203 | /s/Sandra B. Reiss<br>Sandra B. Reiss<br>Veronica L. Merritt<br>OF COUNSEL:<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>1819 Fifth Avenue North<br>Birmingham, AL  35203 |

FOR DEFENDANT,
The International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and Helpers
Local Union No. 991.

By counsel:

/s/Mary E. Olsen
Mary E. Olsen
J. Cecil Gardner
M. Vance McCrary
The Gardner Firm, P.C.
P. O. Box 3103
Mobile, Alabama  36652