IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEWAYNE MELTON, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. |
| | * | 1:08-CV-174 |
| NATIONAL DAIRY HOLDINGS, L.P.; | * | |
| DAIRY FRESH OF ALABAMA, LLC | * | |
| AND INTERNATIONAL BROTHERHOOD | * | |
| OF TEAMSTERS, CHAUFFEURS, | * | |
| WAREHOUSEMEN AND HELPERS OF | * | |
| AMERICA, LOCAL UNION | * | |
| NO. 991, | * | |
| | * | |
| Defendants. | * | |

**MOTION TO REQUIRE PLAINTIFFS TO REPLEAD THEIR COMPLAINT IN COMPLIANCE WITH FED. R. CIV. P. 10(b)**

Defendant Teamsters Local 991 moves to require the Plaintiffs to replead the statement of the claims against it, pursuant to Fed. R. Civ. P. 10(b). In other words, the Union seeks an order requiring the Plaintiffs to file a replacement pleading, which sets out in a series of <u>separate counts</u> each specific thing that each Plaintiff claims that the Union did that constitutes a violation of 42 U.S.C. § 1981. This motion is supported by *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955 (11th Cir. 2007). In further support of this motion, the Union states as follows:

1. The Complaint in this case has five plaintiffs, three defendants, 276 numbered paragraphs of allegations before you get to the legal claim, and then just one legal claim (Count One): an assertion that based on all the preceding 276 numbered paragraphs, the

"Defendants" (including the Union) violated 42 U.S.C. § 1981.

2. Count One tries to sue the Defendants under 42 U.S.C. § 1983 as a means of enforcing § 1981, but that is plainly a mistake, since Defendants are not state actors. Furthermore, despite the Complaint's use of the phrase "pattern and practice" (¶ 280), there is no valid pattern and practice claim in this case under *Davis*, 516 F.3d at 967, since this is not (and could not properly be) a class action.

3. While the Union formulated and filed an Answer to the Complaint as drafted, the Union now realizes that litigation of the claims against it will be much more efficient – both for the parties and for the Court – if Plaintiffs are required to file a proper pleading. In this, the Union takes guidance from *Davis*, 516 F.3d at 979-84. There, the Eleventh Circuit criticized a Complaint that is very much like this one – a huge mass of allegations of fact involving multiple defendants, culminating in a small number of "Counts." And the Circuit criticized the defense counsel for responding in kind. *Id*. at 983-84.

4. Under the Complaint as it now stands, the Union is having to guess at the real nature of the Plaintiffs' claims against the Union. What actions does each Plaintiff claim that the Union took against him, and when, that is allegedly an instance of intentional race discrimination (or perhaps race-related retaliation)? Under *Davis*, each Plaintiff should put each such instance in a Count of its own, with identifiable allegations about each such instance (including dates). That way, we will all know what the claims against the Union are, and are not – and we can ensure that the Union is in a position to raise the proper defenses.

    5.  For instance, if a Plaintiff wishes to claim in this case that there was an instance in which the Union refused to process a certain grievance and that the reason for that refusal was race discrimination, then each such instance should be a Count of its own – identifying the particular grievance, alleging when the Union took the action complained of, and asserting (if there is justification for doing so) that the Union's reason was race discrimination.  That is the proper course under *Davis*.

    For the foregoing reasons, the Union respectfully requests this Court to require the Plaintiffs to replead the statement of the claims against it, pursuant to Fed. R. Civ. P. 10(b).

                            Respectfully submitted,

                            By <u>s/ Mary E. Olsen</u>
                            MARY E. OLSEN (OLSEM4818)
                            J. CECIL GARDNER (GARDJ3461)
                            M. VANCE MCCRARY (MCCRM4402)
                            THE GARDNER FIRM, P.C.
                            Attorneys for Defendant TEAMSTERS
                            P. O. Box 3103
                            Mobile, Alabama 36652
                            (251) 433-8100 (TELEPHONE)
                            (251) 433-8181 (FACSIMILE)

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this <u>27th</u> day of June, <u>2008</u>, electronically served a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to each of the following:

Bobbie Shaw Crook
BOBBIE S. CROOK P.C.
367 S. St. Andrews Street
Dothan, AL 36301

Ann C. Robertson, Esq.
Temple D. Trueblood, Esq.
WIGGINS, CHILDS, QUINN &
PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203

Sandra Beth Reiss
Timothy A. Palmer
Veronica LaShonda Merritt
Brian R. Bostick
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1819 5th Avenue North
Suite 1000
Birmingham, AL 35203

                                  s/ Mary E. Olsen
                                  Mary E. Olsen (OLSEM4818)