IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEWAYNE MELTON, *et al.,* ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-174-TFM |
| ) | |
| NATIONAL DAIRY HOLDINGS, L.P., *et al.*, ) | |
| ) | |
|    Defendants. ) | |

## AMENDED SCHEDULING ORDER

Pursuant to telephonic notice by counsel, an inadvertent typographical error in Sections 9 through 11 showed the deadline in 2008. Those sections of the Uniform Scheduling Order are amended as follows:

**SECTION 9.** No later than **September 16, 2009**, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file a list of the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Section 8. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 10.** No later than **September 16, 2009**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations that the parties expect to use at trial. Adverse parties shall within one week thereafter file deposition designations expected to be used in response, and a party shall within three days of the designation of such responsive parts file the designation of any part that is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition not so listed, with the exception of parts of depositions to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed fourteen (14) days prior to the trial date, each party shall be deemed to have agreed that one

of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.  Objections shall state with particularity the portions objected to, and the objecting party shall attach a copy of the portions to which the objections apply.

**SECTION 11.**  No later than **September 16, 2009**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file exhibit lists and furnish opposing counsel for copying and inspection all exhibits and tangible evidence to be used at the trial.  <u>Proffering counsel shall have such evidence marked for identification prior to trial</u>.

Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.  <u>Except to the extent written objections are served and filed the evidence shall be deemed genuine and admissible in evidence.  Objections shall be filed fourteen (14) days prior to the trial date, and shall set forth the grounds and legal authorities.  The offering party shall file a written response to the objections no later than seven (7) days prior to trial and shall included a premarked copy of the evidence at issue</u>**.**

DONE this 17th day of July, 2008.

                        /s/ Terry F. Moorer
                        TERRY F. MOORER
                        UNITED STATES MAGISTRATE JUDGE