IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEWAYNE MELTON, et al.,** ) | |
| **Plaintiffs,** ) | |
| ) | |
| ) | Civil Action No. 1:08-cv-174 |
| **v.** ) | |
| ) | |
| **NATIONAL DAIRY HOLDINGS, L.P.,** ) | |
| **DAIRY FRESH of ALABAMA, LLC;** ) | |
| **et al.** ) | |
| **Defendants** | |

### RESPONSE IN OPPOSITION TO RULE 45 SUBPOENA AND MOTION TO QUASH.

Comes Now, J.B. Hunt Transport Services, Inc., a non-party in the above described action and appearing specially in opposition to the subpoena and requests for production.

The plaintiff in the above described action solicited a subpoena *duces tecum* to J.B. Hunt Transport Services, Inc., a Georgia corporation with its principal place of business in Arkansas, and who is a non-party in this case. Federal Rule of Civil Procedure 45 provides in order to be valid, a subpoena issued "for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(c). The subpoena was issued by the United States District Court for the Middle District of Alabama, Southern Division. As such, this subpoena is facially invalid because it is not issued by the district court where the production is to be made namely, the Western District of Arkansas.        Federal courts have long held that a Rule 45 subpoena *duces tecum* is properly filed "where the documents to be produced or inspected are located." *City of St. Petersburg v. Total Containment, Inc.*, 2008 WL 1995298, at *3 (E.D. Pa. May 5,

2008) (citing *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 380-1 (W.D. Pa. 2005)). The court in *Total Containment* went on to hold that "the geographical limitation in Rule 45(a)(2)(c) relates principally to the location *of the documents to be produced*, rather than the specified location on the subpoena" and that "a district court cannot issue a subpoena … to a non-party for the production of documents located in another district." *Id.* (emphasis original); see also *Echostar Communs. Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 396 (D. Colo. 1998) (quashing subpoenas issued in the District of Colorado because they sought production of discovery from non-parties in Georgia and New Jersey)).

These cases support a clear policy to avoid subjecting non-parties to discovery requests in foreign jurisdictions. The proposition that non-parties should not be subject to jurisdictions in which they do not reside or conduct business is not a novel concept. Wherefore, premises considered, J.B. Hunt Transport Services, Inc. respectfully, objects to the subpoena at issue, and request the Court to quash the subpoena.

\s\ Christopher S. Rodgers
Christopher S. Rodgers    (ROD008)
Attorney for the Defendant,
**J. B. HUNT TRANSPORT, INC.**

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
3 Protective Center
2801 Highway 280 South
Suite 200
Birmingham, AL 35223
(205) 251-1193

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by placing same in the U.S. Mail, properly addressed and postage prepaid this 24th day of July, 2008.

      \s\ Christopher S. Rodgers
      OF COUNSEL

**COUNSEL OF RECORD**:
Sandra B. Reiss, Esq.
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place
Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203-2118