IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEWAYNE MELTON, PIERRE HARVEY, LARRY AMOS, HENRY CODY, and J.T. BROOKS,** | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 1:08-cv-174 ) ) |
| **NATIONAL DAIRY HOLDINGS, L.P.; DAIRY FRESH OF ALABAMA, LLC; and THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN and HELPERS LOCAL UNION NO. 991,** | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED.R.CIV.P. 12(c) ON BEHALF OF DEFENDANTS NATIONAL DAIRY HOLDINGS, L.P. AND DAIRY FRESH OF ALABAMA, LLC

**COME NOW** Defendants, National Dairy Holdings, L.P. (hereafter "NDH"), and Dairy Fresh of Alabama, LLC (hereafter "Dairy Fresh"), by and through their undersigned counsel, and move this Court for a Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c) as to the allegations of pattern or practice race discrimination and retaliation as alleged in the Complaint. August 1, 2008 was the deadline for Plaintiffs to amend their Complaint or add parties. As such, it is now appropriate to bring a Motion for Judgment on the Pleadings. Defendants bring this Motion pursuant to the holding in Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955 (11th Cir. 2008), wherein the Eleventh Circuit upheld the District Court's dismissal of plaintiffs' pattern and practice claims. In Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955

1

(11th Cir. 2008), the Eleventh Circuit Court of Appeals strongly counseled the plaintiffs, their counsel, the defendants, their counsel and the District Court regarding their failure to clarify the claims in a race discrimination case pled very similarly to the case before this Court; and in order to avoid the same mistakes, Defendants NDH and Dairy Fresh make this Motion based on the following:

**A.   Factual and Procedural Background**

1.   Plaintiffs' Complaint, filed on March 12, 2008, alleges discrete acts of race discrimination and retaliation by four plaintiffs who work in the Transport Department (Cody, Brooks, Amos and Harvey) and one former employee, (Melton). Paragraphs #16-266 allege separate and discrete acts experienced by each Plaintiff.  For example, in Paragraph #35, Plaintiff Melton alleges he applied for a Lead Position for which he was not chosen, and in Paragraph #62, Plaintiff Melton alleges discrimination and retaliation with regard to his termination.  Alternatively, in Paragraph #90, Plaintiff Harvey alleges issues of unfair scheduling with regard to overtime on his particular route.  In Paragraph #138, Plaintiff Cody alleges he was cursed for parking in an unauthorized area.  In Paragraph #185, Plaintiff Amos alleges he was subjected to a physical test before hire that others were not given, and in Paragraph #226, Plaintiff Brooks alleges he was not trained like other transport drivers.  Based on the different and individualized factual scenarios, it is clear that each Plaintiff is alleging discrete and disparate acts in their Complaint.

2.   However, after the factual allegations are set forth, Plaintiffs allege only one Count making their claims for discrimination and retaliation in a number of Paragraphs which do not delineate which Plaintiff is making which claim or which Defendant each Plaintiff alleges is liable.  In this section of the Complaint, Plaintiffs jumble their claims together in violation of

Fed.R.Civ.P. 10(b) which requires each claim to be stated separately. (See, *NDH and Dairy Fresh First Amended Answer and Affirmative Defenses, and Defendant Teamsters Motion to Require Plaintiffs to Replead Complaint* filed June 27, 2008).

3. Also included in this Count, Plaintiffs refer to "pattern and practice" contentions. Specifically, in Paragraphs # 273, 280, and 284, Plaintiffs allege a "pattern and practice" by NDH and Dairy Fresh of unlawful discrimination including, but not limited to, unlawful harassment, hiring, job assignments, training, promotions, discipline, and other terms and conditions of employment.

4. In response to the Court's Show Cause Order Entered July 1, 2008, regarding the Defendant Teamsters' Motion, the Plaintiffs conceded that they did not intend to bring a class action or pattern and practice claims or Section 1983 claims:

> The Teamsters have raise (sic) questions about the inclusion of a 42 U.S.C. § 1983 claim and possible class actions allegations. Plaintiffs concede that the inclusion of any potential claim asserted via 42 U.S.C. § 1983 is a result of a typographical error and that they assert no such claims as no governmental actors are involved in the present suit. Additionally, for clarification purposes, the plaintiffs have made no class allegations within their Complaint nor do they intend to pursue and (sic) such allegations in the present suit.

(Plaintiffs' Response in Opposition re Motion to Require Plaintiffs to Replead their Complaint in Compliance with Fed.R.Civ.P. 10(b), pp. 8-9)

5. August 1, 2008 was the deadline for Plaintiffs to amend their Complaint or add parties. Plaintiffs did not amend their Complaint, and they remain in violation of federal rules as stated herein.

6. As such, Defendants NDH and Dairy Fresh request that this Court strike these claims from Plaintiffs' Complaint.

**B.    Argument**

7.    In this instance, Plaintiffs have conceded they do not intend to bring such claims; however, case law supports the position that they cannot bring these types of claims in this case.

In a footnote to the Davis Opinion, the Eleventh Circuit made the following terse statement:

> We recognize that in dismissing plaintiffs' pattern and practice claim on the ground that a pattern or practice claim cannot be brought outside the class action context, the court implicitly held that this was not a class action case. The court made its ruling in response to CCBCC's motion for judgment on the pleadings. Absent such a motion, query whether the court would have addressed the class action issue before ruling on CCBCC's motion for summary judgment.

516 F.3d 984 n. 73. In so stating, the Court revealed its frustration with the confusing nature of the Complaint and its failure to comply with the simple rules of pleading.

8.    Pattern and practice claims under Title VII or Section 1981 may be brought in two circumstances only: (1) when the EEOC brings such a claim; or (2) when the Complaint is pled as a class action. Davis, supra. In its analysis of the pattern and practice allegations, the Eleventh Circuit stated the following, "[A] pattern or practice claim for such relief may also be brought under Title VII as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2), by one or more of the similarly situated employees."[1]   516 F.3d at 965.

9.    However, before a pattern and practice claim can be considered a class issue, the Plaintiff must cross two thresholds. The appellate court added:

> [T]he court must address two issues before proceeding to adjudicate as a class action a pattern or practice claim. First the court must determine whether the named plaintiff has standing to prosecute the claim on behalf of similarly-situated employees. . . . Second, assuming the named plaintiff has standing to sue, the court must determine whether Rule 23(a)'s requirements of numerosity,

---

[1] "A pattern and practice claim may be brought under § 1981 as well as Title VII, in which case Title VII's substantive rules inform the § 1981 rules of decision." 516 F.3d at 965. n. 18.

4

commonality, typicality and adequacy are satisfied, and whether as required by Rule 23(b) (2), the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief appropriate [ ] appropriate respecting to the class as a whole."

516 F.3d at 965-966 (emphasis in original, citations omitted).

10. Further, numerous courts have refused to apply the pattern and practice theory to individual claims. Celestine v. Petroleos de Venezuella S.A., 266 F.3d 343, 355, n.4 (Affirming the District Court's refusal to apply pattern and practice theory to individual discrimination claims "based on precedent indicating that the Teamsters method is simply not available to plaintiffs that are not part of a class action."); Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 761 (4th Cir. 1998) ("In sum, because the Supreme Court has never applied the Teamsters method of proof in a private, non-class action for employment discrimination, and because the nature of the proof and remedies in class and government pattern and practice actions differs vis-à-vis private, non-class actions, we decline to give individual plaintiffs a pattern or practice cause of action or allow them to use the Teamsters method of proof.") vac. on other grounds, 527 US. 1031, 119 S.Ct. 2388, 144 L.Ed. 2d 790 (1999); Barbrocky v. Jewel Food Co., 773 F.2d 857, 866 n. 6 (7th Cir. 1985) ("Plaintiffs' use of pattern or practice language also seems to be misplaced, since such 'suits, by their very nature, involve claims of class-wide discrimination,' and the five plaintiffs, while attacking policies that would have affected all of Jewel's women employees as a class, have stated only their individual claims, not a classification." citation omitted.);

Axel v. Apfel, 171 F.Supp. 2d 522, 530 (D.Md. 2000) (following Lowery, supra); Henrendeen v. Mich. State Police, 39 F. Supp. 2d 899, 906 (W. D. Mich. 1999) ("this case is not a 'pattern or practice' case, and Plaintiffs may not rely on the Teamsters framework as the sole basis for

proving their discrimination claims"). Because Plaintiffs cannot show standing or the elements necessary for a class action, their claims of pattern and practice discrimination and retaliation should be stricken and dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendants, National Dairy Holdings, L.P. and Dairy Fresh of Alabama, LLC, respectfully request that this Court Grant their Motion for Judgment on the Pleadings and strike any references to pattern and practice claims or claims arising under 42 U.S.C. § 1983.

Respectfully submitted,

/s/Sandra B. Reiss
Timothy A. Palmer (PAL009)
Brian R. Bostick (BOS015)
Sandra B. Reiss (REI018)
Veronica L. Merritt (MER024)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205)328-1900; fax (205)328-6000
Timothy.Palmer@odnss.com
Brian.Bostick@odnss.com
Sandra.Reiss@odnss.com
Veronica.Merritt@odnss.com

*Counsel for Defendants, National*
*Dairy Holdings, L.P. and*
*Dairy Fresh of Alabama, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of August, 2008, I electronically filed the foregoing *Motion for Judgment on the Pleadings on Behalf of Defendants National Dairy Holdings, LP and Dairy Fresh of Alabama, LLC,* with the Clerk of Court using the CM/ECF system which will send notification and a complete electronic copy of such filing to the following counsel in this matter: Ann Robertson; Temple Trueblood; Bobbie S. Crook; Mary Olsen; Cecil Gardner; and Vance McCrary.

/s/Sandra B. Reiss
Timothy A. Palmer (PAL009)
Brian R. Bostick (BOS015)
Sandra B. Reiss (REI018)
Veronica L. Merritt (MER024)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205)328-1900; fax (205)328-6000
Timothy.Palmer@odnss.com
Brian.Bostick@odnss.com
Sandra.Reiss@odnss.com
Veronica.Merritt@odnss.com

*Counsel for Defendants, National Dairy Holdings, L.P. and Dairy Fresh of Alabama, LLC*