IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEWAYNE MELTON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No.:1:08-cv-174 |
| ) | |
| **NATIONAL DAIRY HOLDINGS, L.P.; et al.,** ) | |
| ) | JURY DEMAND |
| ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS NATIONAL DAIRY HOLDINGS, L.P. AND DAIRY FRESH OF ALABAMA, LLC.

**COME NOW** the plaintiffs in the above-styled cause and submit the following in response and opposition to the Motion for Judgment on the Pleadings submitted by Defendants National Dairy Holdings, L.P., and Dairy Fresh of Alabama, LLC:

1. Defendants National Dairy Holdings, L.P., and Dairy Fresh of Alabama, LLC, move this Court for Judgment on the Pleadings as to "the allegations of pattern or practice racial discrimination and retaliation as alleged in the Complaint." [Doc. 46, p. 1].

2. These defendants cite to the following referenced made in the Complaint upon which they base the present Motion:

   273. Defendants NDH and Dairy Fresh, by and through their agents or supervisors engaged, authorized, ratified and condoned a pattern and practice of unlawful harassment and discrimination by allowing Plaintiffs to be subjected to unwelcome, uninvited racial harassment and disparate treatment, including but not limited to, being treated in a demeaning and discriminatory manner; not receiving adequate training; having their hours cut and/or their schedules changed without warning and despite contracted routes; not being considered for promotions and/or management positions; being disciplined for the same

> 280. or similar actions for which white employees were not disciplined; being falsely accused of stealing time; and for Plaintiffs Melton, Amos and Brooks being discriminatorily suspended and/or terminated; and other terms, conditions, and benefits of their employment, as set out in detail above.
>
> * * *
>
> 280. The Defendants engage in a pattern and practice of race discrimination in hiring, job assignments, training, promotions, discipline, termination, and other terms, conditions and privileges of employment and retaliated against Plaintiffs in that the conduct was willful, malicious and in wanton disregard of Plaintiffs' federally protected rights.
>
> * * *
>
> 284. The unlawful actions of the Defendants, as set forth above, constitute a practice, pattern, custom or policy of the Defendants for allowing acts of racial harassment, racial discrimination and/or retaliation in violation of its employees' and members' federally protected rights.

[Doc. 46, ¶ 3; and see Doc. 1, ¶¶ 273, 280 and 284].

3. As cited by the defendants, the plaintiffs have already conceded in the plaintiffs' Response to the defendant Teamsters' pending Motion to Replead that they had made no class allegations within the Complaint, nor did they intend to pursue such class allegations. [Doc. 46, ¶4].

4. The Teamsters' Motion is still pending in this matter and the plaintiffs have previously made clear to the Defendants and to the Court, that they have not plead a class action or class claims in their Complaint, nor do they intend to do so. As such, the defendants' present Motion for Judgment on such "class" claims is due to be rendered moot as it is undisputed that no such claims exist in the present matter.

5. Further, judgment on the pleadings for the cited "allegations," is not warranted as pattern and practice allegations are, "not a separate and free-standing cause of action, but [are] really 'merely another method by which disparate treatment can be shown.' *Celestine v. Petroleos De Venezuella SA*, 266 F.3d 343, 355 (5th Cir. 2001), quoting Mooney v. Aramco Servs. Co., 54 F.3d

1207, 1219 (5th Cir.1995).  Since as a matter of law, there are no separate causes of action for a pattern and practice claim, the defendants' Motion for Judgment on such claims should likewise be rendered moot.

6. The defendants also overlook that while the plaintiffs have not separate cause of action under a pattern and practice claim of discrimination, it is recognized that "plaintiffs may use evidence of a pattern or practice of discrimination to help prove claims of individual discrimination within the *McDonnell Douglas* framework." *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 761 (4th Cir. 1998); vacated on other grounds 527 U.S. 1031, 119 S.Ct. 2388, 144 L.Ed.2d 790, (1999). As such, the plaintiff's factual allegations set forth within the Complaint are not improper as the plaintiffs may use evidence of such matters to prove their individual claims.

7. Despite a Motion for Judgment on class claims that have already been conceded, and in light of the pending Teamsters' Motion, should the Court direct the plaintiffs to strike the "pattern and practice" language from the Complaint or amend or correct the Complaint to clarify any misconceptions, they will gladly do so.

WHEREFORE, PREMISES CONSIDERED, the plaintiffs respectfully pray this Court enter an Order denying the present Motion as moot, or in the alternative, grant the plaintiffs leave to amend and/or correct the Complaint to reflect the concessions already submitted to this Court by the plaintiffs in response to the pending Teamsters' Motion.

        Respectfully submitted,

        <u>s/ Temple D. Trueblood</u>
        Ann C. Robertson
        Temple D. Trueblood
        Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

CO-COUNSEL
Bobbie S. Crook, Esq.
367 South St. Andrews Street
Dothan, Alabama 36301
(334) 671-8062

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served upon the following via filing through the CM/ECF system:

Timothy A. Palmer
Brian R. Bostick
Sandra B. Reiss
Veronica L. Merritt
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL 35203-2118

Mary E. Olsen
J. Cecil Gardner
M. Vance McCrary
The Gardner Firm, P.C.
P.O. Box 3103
Mobile, AL 36652

On this the 26h day of August, 2008.


                                          s/ Temple D. Trueblood
                                          OF COUNSEL