IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEWAYNE MELTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-174-TFM |
| ) | |
| NATIONAL DAIRY HOLDINGS, L.P., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the *Motion to Require Plaintiffs to Replead their Complaint in Compliance with Fed. R. Civ. P. 10(b)* (Doc. 39, filed June 27, 2008) and the *Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) on Behalf of Defendants National Dairy Holdings, L.P. and Dairy Fresh of Alabama, LLC* (Doc. 46, filed August 4, 2008). The motions have been fully brief and are now ripe for review.

**I. MOTION TO REPLEAD**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plaint statement" of each claim showing the plaintiff is entitled to relief. Rule 10 suggests for clarity that each claim founded on a separate transaction should be stated in a separate count or defense. FED. R. CIV. P. 10(b). The job of the Court is to reconcile the requirement of a short and plain statement while still providing clarity especially in instances where claims are being asserted against various instances. *See e.g., Grimsley v. Marshalls of MA, Inc.*, 2008 WL 2435581, *5 (11th Cir. 2008) (unpublished). In other words, the

complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

In instant complaint, the Court is of the opinion the complaint is sufficiently explicit that the parties are aware of the allegations made against them.  Further, as noted by Plaintiffs, Defendant Teamsters filed this motion to replead long after it filed its answer.  As such, the Court opines that repleading to the extent requested by Teamsters is unnecessary as Plaintiffs have satisfied the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

However, the Court is of the opinion any typographical errors or unclear assertions should be striken from the complaint.  Plaintiffs concede that a claim under 42 U.S.C. § 1983 would not stand because there are no governmental actors involved in the suit.  Plaintiffs also state the inclusion of a claim under § 1983 was the result of a typographical error.  *See* Doc. 41 at p. 8.  Plaintiffs also state they are not asserting any allegations of pattern or practice of discrimination or retaliation and have no intentions of pursuing such claims.  In *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 962-69 (11th Cir. 2008), the Eleventh Circuit specifically held that a private litigant cannot maintain a pattern or practice claim unless it is brought as a class action and the class is ultimately certified.  Plaintiffs clearly note they do not assert class allegations nor do they intend to do so.  *See* Doc. 41 at p. 8.  As such, the Court strikes any reference of § 1983 claims or "pattern and practice" claims.  It is further **ORDERED** that Plaintiffs file an amended complaint removing said language on or before **October 17, 2008**.

## II.  JUDGMENT ON THE PLEADINGS

As the Court has already required Plaintiffs to replead their complaint removing all references to § 1983 and "pattern and practice" claims, Defendants' motion for judgment on the pleadings is rendered moot.

## III.  CONCLUSION

Pursuant to the foregoing *Memorandum Opinion*, it is **ORDERED** that the *Motion to Require Plaintiffs to Replead their Complaint in Compliance with Fed. R. Civ. P. 10(b)* (Doc. 39) is **GRANTED in part** and **DENIED in part** as set out above.  Plaintiffs shall file an amended complaint on or before **October 17, 2008**.  Further, the *Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) on Behalf of Defendants National Dairy Holdings, L.P. and Dairy Fresh of Alabama, LLC* (Doc. 46) is **DENIED as moot**.

DONE this 25th day of September, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE