IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEWAYNE MELTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:08cv174-TFM |
| | ) | (WO) |
| NATIONAL DAIRY HOLDINGS, L.P., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Larry Amos is one of five plaintiffs bringing employment discrimination claims pursuant to 42 U.S.C. § 1983 and § 1981 against Defendants National Dairy Holdings, L.P.; Dairy Fresh of Alabama, LLC; and The International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers Local Union No. 991. Each party consents to the undersigned magistrate judge to conduct all proceedings and order entry of judgment pursuant to 28 U.S.C. § 636(c). (Docs. ## 27-29, filed June 17, 2008). The case is presently before the court on the joint motion for summary judgment filed by all defendants on January 20, 2009. (Doc. # 56). Defendants contend that Plaintiff Larry Amos is judicially estopped from pursuing his claims in this action because he did not disclose the claims to the bankruptcy court. Upon consideration of the motion, the court DENIES the Motion.

## I. THE SUMMARY JUDGMENT STANDARD

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions,

answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact. *Hairston v. Gainesville Publishing Co.*, 9 F.3d 913 (11th Cir. 1993). For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Matsushita Electrical Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir. 1987). It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." *Barfield v. Brierton*, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

## II. BACKGROUND[1]

For nearly a decade, Plaintiff has worked as a delivery driver for National Dairy Holdings and Dairy Fresh; he has been a shop steward since 2000.  He alleges, *inter alia*, that "[t]hroughout [his] employment, he was, and continues to be, subjected to a racially hostile and discriminatory environment, including, but not limited to, the following actions: being treated in a demeaning and discriminatory manner; termination;[2] not receiving adequate training; denial of position(s); having his hours cut; being assigned older, more rundown trucks; being denied the opportunity to perform his duties as a 'shop steward,' and being disciplined for the same or similar actions for which white employees were not disciplined." (Amended Complaint, Doc. # 51, ¶¶ 169-171, 197).

On October 23, 2006, Plaintiff filed a voluntary petition for bankruptcy protection under Chapter 13.  (Plaintiff's Exhibit 1).  On February 15, 2007, the bankruptcy judge confirmed Plaintiff's Chapter 13 plan.  (Plaintiff's Exhibit 3).  One week later, Plaintiff entered into an agreement retaining attorneys Crook and Robertson to pursue his "discrimination/retaliation claim against Dairy Fresh[.]"  (Plaintiff's Exhibit 6; Plaintiff's Exhibit 7, Amos declaration, ¶ 3).  Plaintiff Amos (and the other plaintiffs) filed a complaint in this court over one year later, on March 12, 2008.  (Doc. # 1).  Plaintiff's weekly paycheck

---

[1]  As it is required to do, the court has viewed the evidence presented on the motion for summary judgment in the light most favorable to the plaintiff.  *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).  The court considers any objections not specifically made to the use or admissibility of particular evidence to be waived for purposes of this motion.  *See Davis v. Howard*, 561 F.2d 565, 570 (5th Cir. 1977).

[2]  Plaintiff was terminated and rehired in 1999. (Amended Complaint, ¶ 169).

has been garnished for payments to the bankruptcy trustee for disbursement to creditors, and the bankruptcy action remains pending.  (Plaintiff's Exhibit 4; Plaintiff's Exhibit 5, Brock declaration, ¶ 3; Defendants' Exhibits C, D).

## III.  DISCUSSION

The schedule of personal property that Plaintiff filed with his bankruptcy petition requires the petitioner to list many types of personal property, including "[c]ontingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims."  (Plaintiff's Exhibit 1, Schedule B, ¶ 21).  Plaintiff indicated that he had no such claims.  *Id*.  Under "[a]ccounts receivable," Plaintiff listed a "potential lawsuit against Mitchell Nissan, not represented."  *Id*., ¶ 16.  Plaintiff responded, in a statement of financial affairs form, that he had not been a party to any lawsuits or administrative proceedings within one year immediately preceding the filing of the bankruptcy case. (Plaintiff's Exhibit 1, Statement of Financial Affairs, ¶ 4(a)).  Plaintiff did not note that he had been named as a co-defendant in an automobile damage lawsuit in Coffee County Circuit Court within the previous week,[3] nor did he list the Coffee County lawsuit when he amended his statement of financial affairs in December 2006.  (Plaintiff's Exhibits 1, 2; Defendants' Exhibit B).   Plaintiff's bankruptcy petition and associated schedules were signed under penalty of perjury, as was his statement of financial affairs and amended statement of

---

[3]  The Coffee County Circuit Court case detail indicates that, although the lawsuit was filed on October 18, 2006, Plaintiff had not been served with the complaint and summons when his bankruptcy case was filed on October 23, 2006.  He was served on November 8, 2006, two weeks after the bankruptcy petition was filed.  (Defendants' Exhibit B).

financial affairs.  (Plaintiff's Exhibit 1, pp. 3, 22, 31; Plaintiff's Exhibit 2, p. 5).

Defendants argue that the doctrine of judicial estoppel precludes the assertion of Plaintiff's employment discrimination claims in this action because of Plaintiff's failure to disclose the claims in the bankruptcy case.  "Judicial estoppel is an equitable doctrine invoked at a court's discretion."  *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002).  It is "intended to prevent the perversion of the judicial process" and applies to the "calculated assertion of divergent sworn positions."  *Id*. (citations omitted).  "[T]he doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence."  *Id*. at 1286.  "In the Eleventh Circuit, courts consider two factors in the application of judicial estoppel to a particular case.  'First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding.  Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system.'"  *Id*. at 1285 (citation omitted).  These two factors "are not inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of the doctrine."  *Id*. at 1286.[4]

## Inconsistent Positions Under Oath in a Prior Proceeding

In *Ajaka v. BrooksAmerica Mortgage Corporation*, 453 F.3d 1339 (11th Cir. 2006), the plaintiff failed to amend his Chapter 13 reorganization plan to reflect a contingent TILA

---

[4]  While judicial estoppel bars a plaintiff's claim for monetary relief, it does not preclude claims for injunctive or declaratory relief which "offer nothing of value to the [bankruptcy] estate."  *Burnes*, *supra*, 291 F.3d at 1288-89.

claim. Although the claim arose before the plaintiff filed his bankruptcy petition, he did not learn of the possibility of a viable TILA claim until he met with an attorney a month after his plan was confirmed. The plaintiff filed a civil lawsuit asserting his TILA claim four months after confirmation; he amended his reorganization plan to include the contingent TILA claim two and half months later. *Id*. at 1342-43. The Eleventh Circuit – after noting that creditors may object to confirmation of a plan within 180 days thereafter – concluded that there was "no question that Ajaka failed to timely amend his Chapter 13 reorganization plan to reflect his contingent TILA claim, and that he therefore 'took inconsistent positions . . . under oath in a prior proceeding.'" *Id*. at 1344. The court stated, "Because there is no question that Ajaka failed to assert his TILA claim as an asset in the bankruptcy proceeding, the first prong of our judicial estoppel test is satisfied." *Id*.

In this case, Plaintiff alleges he labored in a racially hostile environment throughout his employment, and that Defendants have otherwise discriminated against him. It is not apparent from the complaint when the discrete instances of actionable discrimination allegedly took place. Often, a hostile environment claim like Plaintiff's is based on a series of events, and it is difficult to pinpoint when such a claim accrues. *See National R.R. Passenger Corp v. Morgan*, 536 U.S. 101, 115 (2002)("Hostile environment claims are different in kind from discrete acts. Hostile work environment claims by their very nature involve repeated conduct. The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its

own.")(citations omitted).   The court cannot infer, on the record before the court, that Plaintiff affirmatively took an inconsistent position under oath in the bankruptcy proceeding by failing to list the claims he now asserts in this action as a potential asset in the documents he filed in his bankruptcy proceeding.   Thus, the question before the court is whether, by waiting until February 2009 – two years after confirmation of the Chapter 13 plan and nearly eleven months after the present action was filed – Plaintiff has taken an inconsistent position under oath in a prior proceeding so as to satisfy the first *Burnes* factor.   On the authority of *Ajaka*, *supra*, this court concludes that Plaintiff's failure to amend his statement of assets for almost eleven months after filing the present lawsuit is sufficient to satisfy the first judicial estoppel factor in *Burnes*.   *See In re Waldron*, 536 F.3d 1239, 1244-45 (11th Cir. 2008)("[In *Ajaka*,] we concluded that a debtor had a duty to amend his schedule of assets to disclose a complaint that he filed after his plan to pay his creditors had been confirmed. . . . Ajaka . . . filed a complaint against BrooksAmerica, but he waited two months to amend his schedule to add the claim for relief as an asset.   We . . . concluded that he had 'failed to timely amend his Chapter 13 reorganization plan to reflect his contingent TILA claim, and . . . he therefore "took inconsistent positions . . . under oath in a prior proceeding."'")(citations omitted); *but see id.* at 1246 ("We do not hold that a debtor has a free-standing duty to disclose the acquisition of any property interest after the confirmation of his plan under Chapter 13. Neither the Bankruptcy Code nor the Bankruptcy Rules mention such a duty . . . and our precedents in *Burnes*, *De Leon* and *Ajaka* do not address that issue.   But the bankruptcy court has the discretion, under Rule 1009, to require a debtor to amend his schedule of assets to

Page 7 of  12

disclose a new property interest acquired after the confirmation of the debtor's plan.").

**Inconsistencies "Calculated to Make a Mockery of the Judicial System"**

As noted *supra*, judicial estoppel "applies in situations involving intentional contradictions, not simple error or inadvertence." *Burnes*, 291 F.3d at 1286. Preclusion of claims under the equitable doctrine is appropriate only where the inconsistent positions are "'shown to have been calculated to make a mockery of the judicial system.'" *Id*. at 1285 (citation omitted). Defendants argue that "[t]here is abundant evidence in the record to infer the intent to mislead the bankruptcy court," citing *Burnes*, *supra*, and *Leon v. Comcar Industries, Inc.*, 321 F.3d 1289 (11th Cir. 2003). (Defendants' brief, p. 7).

In *Snowden v. Fred's Stores of Tennessee, Inc.*, 419 F. Supp. 2d 1367 (M.D. Ala. 2006), the court declined to find an intent to mislead the bankruptcy court where the plaintiff "did not affirmatively misrepresent that her claims did not exist after she had learned of them and had pursued them in another court," but, instead, had "merely failed to amend her schedule for four months after she learned about the claims." *Id*. at 1373. The court distinguished the case before it from *Burnes*, *DeLeon* and another Eleventh Circuit case, *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003). The court noted that in all three of the Eleventh Circuit cases, the "plaintiff pursued employment-discrimination claims in judicial or administrative proceedings and then filed documents with the bankruptcy court under oath averring that the employment claims did not exist." *Snowden*, 419 F. Supp. 2d at 1370.

In *Casanova v. Pre Solutions, Inc.*, 2007 WL 934424 (11th Cir. Mar. 28,

2007)(unpublished opinion), the Eleventh Circuit determined that the district court had not

abused its discretion by entering summary judgment against the plaintiff on the basis of

judicial estoppel.  The plaintiff had two EEOC charges pending at the time he filed a

financial statement in his bankruptcy case failing to disclose his employment discrimination

claims.  The court stated, "At the summary judgment stage, we may infer from the record that

Plaintiff purposely concealed the EEOC claims from the bankruptcy court because he filed

his bankruptcy petition only two days after filing the second EEOC charge."  *Id*. at 3.  In

*Ajaka*, *supra*, the plaintiff amended his bankruptcy documents to list his TILA claim as a

potential asset within six months after he learned of the claim and two and half months after

he commenced his civil TILA action.  Additionally, because one of the defendants in the civil

action filed an adversary proceeding in the bankruptcy court ten days after the plaintiff filed

the civil lawsuit, all creditors were actually on notice of the TILA claims within the period

during which they could seek rescission of the confirmation.  Plaintiff's counsel in the civil

action also had advised the plaintiff's bankruptcy attorney – before any defendant in the civil

case raised the estoppel issue – that the bankruptcy schedules should be amended to include

the TILA claims.  The bankruptcy attorney did not do so until two months after the civil

lawsuit was filed.  Although the Eleventh Circuit found that the plaintiff had taken

inconsistent positions under oath, the court found an abuse of discretion in the district court's

decision to grant summary judgment against the plaintiff, finding that there was "a question

of material fact as to whether Ajaka had the motivation and intent to manipulate the judicial

system[.]" *Ajaka*, *supra*, 453 F.3d at 1346.

Defendants argue sufficient evidence is before the court to warrant summary judgment because Plaintiff: (1) did not amend his bankruptcy documents until after Defendants filed for summary judgment on the basis of judicial estoppel; (2) failed to list the Coffee County case against him in his bankruptcy statements;[5] (3) *did* list his potential lawsuit against Mitchell Nissan; and (4) failed to disclose his pending bankruptcy action, and other previous lawsuits, in sworn interrogatories before this court.[6,7]  Plaintiff avers that he was unaware – until the present motion for summary judgment was filed – "that the matter before this Court was considered an asset of the bankruptcy."  (Amos declaration, ¶ 4).

There is more evidence in this case than in *Ajaka* or *Snowden* to support an inference of intent to manipulate the judicial system.  However, the court finds that the evidence of record demonstrates the existence of a genuine issue of material fact as to whether Plaintiff had the requisite intent.  When Plaintiff filed his bankruptcy petition and related schedules,

---

[5]  As noted above, plaintiff was served with process in the Coffee County lawsuit after he filed his first financial statement in the bankruptcy court, but before he filed his amended financial statement in December 2006.  *See supra* n. 3.

[6]  Defendants do not argue that they have been prejudiced by this omission in the interrogatory responses.  Plaintiff's employer cannot claim to have been unaware of the bankruptcy action, as it has been paying a portion of Plaintiff's salary to the bankruptcy trustee each week since December 13, 2006.  (Defendants' Exhibit D; Plaintiff's Exhibit 4).

[7]  Defendants argue that Plaintiff "is judicially estopped from asserting his claims . . . due to his refusal to disclose these claims to the bankruptcy court, and because of his inconsistent representations to this court."  (Doc. # 56, p. 1).  However, the court understands Defendants' argument to be that Plaintiff's failure to disclose previous lawsuits in his interrogatory response is evidence of intent to "make a mockery of the judicial system," not that this failure provides an independent basis for judicial estoppel.  A false interrogatory response in this matter could provide a basis for discovery sanctions, but – since it does not constitute an inconsistent position taken in a prior proceeding – would not justify application of judicial estoppel to bar Plaintiff's claims.

when he amended his financial statement, and when his Chapter 13 plan was confirmed, Plaintiff had taken no formal steps to pursue the claims he now asserts in this action.  There is no evidence before the court that he filed any charge with the EEOC, and he did not file a complaint in this court until thirteen months after confirmation.   Plaintiff's failure to amend his bankruptcy documents after the lawsuit was filed – even if he had a duty to do so – is markedly different in character from the affirmative misrepresentations made to the bankruptcy court by the plaintiffs in *Burnes*, *DeLeon*, and *Barger*.  *See Snowden*, *supra*, 419 F. Supp. 2d at 1373 (*Barger* court "recognized that failure to amend is not the same as affirmatively misrepresenting the non-existence of claims that are being pursued in another proceeding").

While the evidence of record might *permit* an inference that Plaintiff's failure to amend his financial statement in the bankruptcy court was "'calculated to make a mockery of the judicial system,'" (*Burnes*, 291 F.3d at 1285 (citation omitted)), it does not mandate such an inference.  *See Snowden*, *supra*, 419 F.Supp.2d at 1373 (an inference of intent to mislead the bankruptcy court is generally justified – but not mandatory – "when the plaintiff was aware of the claims and had a motive to mislead a bankruptcy court").  The record would also permit a reasonable conclusion that Plaintiff's failure to amend resulted from "simple error or inadvertence" rather than the "intentional contradiction[]" required to support the application of judicial estoppel. *Burnes*, 291 F.3d at 1286; *see also Snowden*, 419 F. Supp. 2d at 1374 (*DeLeon* does not "establish a bright-line rule that plaintiffs' claims must be barred whenever defendants file a motion for summary judgment premised on judicial estoppel

Page 11 of  12

before the plaintiff amends a schedule of assets in a bankruptcy case to include the claims").

Accordingly, the court declines to apply the equitable doctrine of judicial estoppel to bar

Plaintiff's claims for monetary relief in this action.

## IV.  CONCLUSION

For the foregoing reasons, it is

ORDERED that Defendants' joint motion for summary judgment (Doc. # 56) is

DENIED.

Done, this 10th day of March, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE